[Cite as *Columbus v. Kotevski*, 2018-Ohio-5105.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | No. 18AP-203 |
| | | (M.C. No. 2017 TRB 201357) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Jovan M. Kotevski, | : | |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on December 18, 2018

**On brief**: *Zachary M. Klein*, City Attorney, *Lara N. Baker*, *Melanie R. Tobias*, and *Orly Ahroni*, for appellee. **Argued**: *Orly Ahroni*.

**On brief**: *Jovan M. Kotevski*, pro se.

APPEAL from the Franklin County Municipal Court

BROWN, P.J.

{¶ 1} This is an appeal by defendant-appellant, Jovan M. Kotevski, from a judgment entered by the Franklin County Municipal Court following a bench trial in which the court found appellant guilty of making a prohibited U-turn.

{¶ 2} On December 22, 2017, appellant was charged with making a prohibited U-turn in violation of Columbus City Code ("C.C.C.") 2131.12(a). Appellant entered a plea of not guilty, and the matter came before the court for a bench trial on February 22, 2018.

{¶ 3} On December 22, 2017, Columbus Police Officer Ryan Kaethow was on patrol in a cruiser. The officer was stopped at a red light at the intersection of East 11th Avenue and High Street, when he observed a vehicle "parked in the parking spot on the

eastern side of High Street facing north." (Tr. at 13.) Officer Kaethow subsequently observed the vehicle make "a U-turn from the parking spot and then proceeded to go south on High Street." (Tr. at 13.) The officer initiated a traffic stop and cited appellant for a prohibited U-turn.

{¶ 4} During the bench trial, appellant challenged the constitutionality of C.C.C. 2131.12. Following presentation of the evidence, the trial court rejected appellant's constitutional challenge and found him guilty of violating C.C.C. 2131.12(a).

{¶ 5} On appeal, appellant, pro se, asserts the following assignment of error for this court's review:

> THE TRIAL COURT ERRED WHEN IT ENTERED A
> JUDGMENT OF CONVICTION FOR A VIOLATION OF THE
> U-TURN ORDINANCE UNDER SECTION 2131.12 OF THE
> COLUMBUS CITY CODE.

{¶ 6} Under his single assignment of error, appellant challenges the constitutionality of C.C.C. 2131.12, asserting that it conflicts with state law. Specifically, appellant argues that U-turns are "generally lawful" under Ohio law, subject to several exceptions set forth in R.C. 4511.37(A) and (B). Appellant further argues that, pursuant to R.C. 4511.06, state law prohibits local authorities from enacting or enforcing laws that are not uniform.

{¶ 7} As noted, appellant was convicted of a violation of C.C.C. 2131.12(a), which states: "No vehicle shall be turned so as to proceed in the opposite direction upon any street or highway. Turns commonly known as 'U' turns are hereby prohibited."

{¶ 8} R.C. 4511.37(A) states as follows:

> Except as provided in section 4511.13 of the Revised Code and
> division (B) of this section, no vehicle shall be turned so as to
> proceed in the opposite direction upon any curve, or upon the
> approach to or near the crest of a grade, if the vehicle cannot
> be seen within five hundred feet by the driver of any other
> vehicle approaching from either direction.

{¶ 9} R.C. 4511.06 states:

> Sections 4511.01 to 4511.78, 4511.99, and 4513.01 to 4513.37 of
> the Revised Code shall be applicable and uniform throughout
> this state and in all political subdivisions and municipal
> corporations of this state. No local authority shall enact or

enforce any rule in conflict with such sections, except that this section does not prevent local authorities from exercising the rights granted them by Chapter 4521. of the Revised Code and does not limit the effect or application of the provisions of that chapter.

{¶ 10} Article XVIII, Section 3, of the Ohio Constitution, also known as the Home Rule Amendment, provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

{¶ 11} In *Dayton v. State,* 151 Ohio St.3d 168, 2017-Ohio-6909, ¶ 13, the Supreme Court of Ohio held in part:

> The Home Rule Amendment provides independent authority to Ohio's municipalities with regard to local police regulations. * * * Nevertheless, a municipal ordinance must yield to a state statute if "(1) the ordinance is an exercise of the police power, rather than of local self-government, (2) the statute is a general law, and (3) the ordinance is in conflict with the statute." *Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, ¶ 17.

{¶ 12} Under Ohio law, "[i]t has long been established that '[i]n determining whether an ordinance is in "conflict" with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' " *Cincinnati v. Baskin,* 112 Ohio St.3d 279, 2006-Ohio-6422, ¶ 19, quoting *Struthers v. Sokol,* 108 Ohio St. 263 (1923), paragraph two of the syllabus. Or, stated "[i]n other words, '[n]o real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa.' " *Id.,* quoting *Sokol* at 268.

{¶ 13} In response to appellant's constitutional challenge, plaintiff-appellee, City of Columbus, argues this court has already decided the issue raised by appellant, and found no conflict exists between C.C.C. 2131.12, the city's U-turn ordinance, and R.C. 4511.37. We agree.

{¶ 14} In *Columbus v. Knoff,* 10th Dist. No. 86AP-285 (Sept. 25, 1986), the defendant was charged with a violation of C.C.C. 2131.12. The defendant lived outside of Columbus and "apparently was unaware of the Columbus City Code Section prohibiting all U-turns, as opposed to the Ohio Revised Code, which prohibits U-turns in certain

circumstances."  *Id.*   The defendant appealed his conviction, arguing the city had "transgressed Section 3, Article XVIII, Ohio Constitution," and further arguing the city ordinance was in violation of Article II, Section 26, of the Ohio Constitution (the Uniformity Clause).  *Id.*

{¶ 15} In *Knoff,* this court rejected the defendant's arguments, holding C.C.C. 2131.12 "completely barring U-turns within the Columbus city limits does not come in conflict with either the above constitutional provisions."  In reaching that determination, this court held in part:

> Over sixty years ago the Supreme Court of Ohio set forth standards for determining when such a conflict exists in the second paragraph of the syllabus of *Village of Struthers v. Sokol* (1923), 108 Ohio St. 263:
>
> "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."
>
> Clearly the state statute forbids U-turns in limited situations. The city ordinance forbids such turns generally. R.C. 4511.37 does not, however, expressly permit or command U-turns in other situations, but remains silent as to the other situations. Thus no conflict with "general laws" exists under a strict construction of the test set forth in *Village of Struthers v. Sokol* * * *.
>
> Further the distinction between the situation presented in an unincorporated area and a metropolitan area is completely reasonable.   Making a U-turn where traffic is sparse present[s] no serious risk to the driver or other drivers on the road. Allowing U-turns to be made on city streets in areas such as Columbus or Cleveland would soon finish the task of clogging main arteries and make streets almost impassable for significant portions of the day, especially around "rush hours."
>
> Nor can a major metropolitan area be expected to post signs in all locations where a U-turn could be made. The result would be to fill the space between double yellow lines with signs saying "no U-Turns."

{¶ 16} We note that, in addition to this court's decision in *Knoff,* at least one other Ohio court has made a similar pronouncement.  *Cleveland Heights v. Siegel*, 8th Dist. No.

65399 (Dec. 16, 1993) (finding no conflict between R.C. 4511.37 and municipal ordinance prohibiting U-turns; ordinance "does not allow anything that is prohibited by R.C. 4511.37, or conversely, [municipal ordinance] does not prohibit anything which is specifically permitted by R.C. 4511.37").

{¶ 17} Based on this court's precedent in *Knoff,* the trial court did not err in rejecting appellant's constitutional challenge to C.C.C. 2131.12. Accordingly, appellant's assignment of error is not well-taken and is overruled.

{¶ 18} Having overruled appellant's single assignment of error, the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____