[Cite as *Columbus v. Catudal*, 2019-Ohio-1137.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-229 |
| v. | : | (M.C. No. 2018TRD-107300) |
| Chance Catudal, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 28, 2019

**On brief:** *Zachary M. Klein*, City Attorney, *Lara N. Baker*, *Melanie R. Tobias*, and *Orly Ahroni*, for appellee. **Argued:** *Orly Ahroni*.

**On brief:** *Chance Catudal*, pro se.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Chance Catudal, appeals from the March 13, 2018 judgment of conviction entered by the Franklin County Municipal Court. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On January 30, 2018, appellant was cited for texting while driving, in violation of Columbus Traffic Code 2131.44(b), a minor misdemeanor. He was provided a summons to appear in court on February 8, 2018. Appellant appeared, requested a court trial, and asserted he wished the trial be held within the time provided by law.[1] The trial

---

[1] R.C. 2945.71(A) states that a person against whom a charge of a minor misdemeanor is pending in a court of record shall be brought to trial within 30 days after the person's arrest or the service of summons.

was scheduled for February 26, 2018.  Appellant failed to appear, and at 9:37 a.m. the court filed an order-in entry and warrant to arrest.  At 9:58 a.m., appellant appeared and paid $89 of a $200 appearance bond. The trial was rescheduled for March 13, 2018.

{¶ 3}  On March 13, 2018, appellant appeared in court.  He indicated he was representing himself.  Appellant asked the court for a continuance of the trial indicating that he "need[ed] to request discovery, a bill of particulars, and potentially do a motion to dismiss." (Tr. at 3-4.)  The court noted the trial had been previously scheduled for February 8, 2018 and that a month had passed since that date.  The court inquired on what date appellant had filed his request for discovery.  Appellant responded he had not yet filed any request and that it was his first time appearing in court.  The court denied appellant's request for a continuance.  However, the court directed the prosecutor to go over the police video with appellant and observed Columbus Police Officer Keith Conner was present.  Appellant objected and stated:

> Mr. Catudal: -- on the grounds that I don't have time to subpoena video surveillance footage from the gas station adjacent to where I was pulled over or to call a witness.
>
> The Court: Okay. Denied.
>
> Mr. Catudal: Okay. Well, then we can go ahead and proceed then.  There's no reason for me to look at anything.  You're not taking any of this seriously.  You're not giving me an opportunity to defend myself so there's no point in me looking at this so at this time do what you're going to do.
>
> The Court: So at this time, do you reject the offer to review the video?
>
> Mr. Catudal: I stand by what I've already stated.
>
> The Court: The answer's yes or no.
>
> Mr. Catudal: I stand by what I've already stated.
>
> The Court: Okay.

(Tr. at 5-6.)  The court took a recess and then recalled the case.  The court inquired with the prosecutor whether he had an opportunity to talk with appellant.  The prosecutor indicated he had extensive discussion with appellant and offered to have him watch the video both

before and after the court's denial of his continuance request. The prosecutor further noted that appellant told him he would not watch the video at that time but, rather, would watch it during the trial. The prosecutor also informed the court that plaintiff-appellee, City of Columbus, had made an effort to resolve the case with a plea offer but appellant had rejected the same.

{¶ 4} The court asked appellant if he was prepared to go to trial. Appellant responded:

> Per Criminal Rule 12(C)(1), I object to not being allowed time to prepare a defense; obtain discovery; request a bill of particulars; and to subpoena favorable video footage from the gas station adjacent to where I was stopped; or being given time to have myself and/or an expert review the State's video footage for authenticity, call witnesses, file a motion to suppress, et cetera. Add to all of that, whatever ordinances I am accused of violating, clearly conflicts with Ohio law, i.e., Revised Code 4511.204(C)(1). I have not been afforded the opportunity to research if Ohio law supersedes the city ordinance.

(Tr. at 8-9.) Appellant complained that he did not have an attorney. He indicated he talked with an attorney in the hallway and that attorney talked with the prosecutor, but then the attorney informed him that he would not be able to help him.

{¶ 5} The court then denied appellant's motions and indicated it would proceed to trial. The city called Officer Conner to testify on direct examination. During direct examination, at the point the city was going to present the dash cam video, appellant objected and stated he "[had not] been given an opportunity to review this footage prior to this hearing." (Tr. at 19.) The court overruled appellant's objection. Appellant briefly cross-examined Officer Conner but did not inquire anything about the dash cam video. The city rested, and the court provided appellant an opportunity to present witnesses. Appellant stated he was not able to call any witnesses because he was not afforded the opportunity, but that he would have liked to call the manager of the gas station and get surveillance footage from their perspective.

{¶ 6} The parties proceeded to closing argument. In closing, appellant argued that Columbus Traffic Code 2131.44(c)(2) "states clearly, a driver using a mobile communication device while the motor vehicle is parked, standing or stopped, is removed from the flow of traffic, in accordance with applicable laws. This doesn't apply to that. The officer already

admitted that I was stopped, and this ordinance conflicts with Ohio Revised Code 4511.204(C)(1), where a law enforcement officer is not allowed to stop somebody for a primary offense for this alleged infraction."  (Tr. at 27.)  The city responded that the dash cam video evidence and Officer Conner's testimony reveals appellant was in the flow of traffic and therefore Columbus Traffic Code 2131.44(c)(2) did not apply.

{¶ 7}  The court found appellant was in the flow of traffic and was guilty of violating Columbus Traffic Code 2131.44.  The court sentenced appellant to pay court costs and noted the bond he had posted would be applied to the same.

## II. Assignments of Error

{¶ 8}  Appellant appeals and assigns the following two assignments of error:

> [I.] Defendant-Appellant was unjustly denied a continuance at his first court date.

> [II.] The Trial Court erred in finding that Ohio law does not supersede a municipal and/or city ordinance.

## III. Analysis

{¶ 9}  In his first assignment of error, appellant argues broadly that the trial court erred by denying his request for a continuance at the March 13, 2018 court date and that the denial was a denial of his constitutional right to due process.  He did not support his argument with any citations to authority.

{¶ 10}  "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981), citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).  Furthermore, "[a]s the Supreme Court stated in *Ungar v. Sarafite*, supra, at 589: 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " *Id.*

{¶ 11}  In *Unger*, the Supreme Court of Ohio directed courts to look at the following factors when evaluating a motion for a continuance:

> [1] the length of the delay requested; [2] whether other continuances have been requested and received; [3] the inconvenience to litigants, witnesses, opposing counsel and the

court; [4] whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; [5] whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and [6] other relevant factors, depending on the unique facts of each case.

*Unger*, 67 Ohio St.2d at 67-68. We have carefully examined the record in this case and conclude the trial court did not abuse its discretion in refusing to grant appellant's request for continuance. First, appellant did not inform the court of the length of delay he sought. Second, appellant appeared late for his first trial date, and a warrant was issued for his failure to appear. When appellant did appear later that morning, he posted an appearance bond and the trial court set aside the warrant. Third, this was the second date set for trial, and the trial did not go forward the first time due to appellant's failure to appear. The witness was present, and the city was prepared to proceed. Fourth, as noted above, this was the second trial date. Furthermore, appellant had asserted his speedy trial rights when he was arraigned. Appellant was therefore on notice of the 30-day timeframe he had to prepare for trial. His last minute request for a continuance because he did not have an "opportunity" to subpoena witnesses, request a surveillance video from a gas station, or research the law seems contrived and dilatory. Fifth, as noted above, appellant was aware of the time he had to prepare for trial. Also, when appellant did appear late at the first trial date, he did not express to the court any concern he would be unable to complete his discovery nor did he at any time indicate he would be willing to waive his speedy trial rights or that he had made any efforts to commence discovery. Finally, we note the court and prosecutor provided appellant the opportunity to view the dash cam video with the prosecutor prior to commencing trial. Appellant refused the opportunity. Taking into consideration all these factors, we find the trial court did not abuse its discretion in denying appellant's request for a continuance. Accordingly, the first assignment of error is overruled.

{¶ 12} In his second assignment of error, appellant argues he was pulled over for texting in clear violation of R.C. 4511.204(C)(1) and that this was a violation of his constitutional right to equal protection of the law. He did not support his argument with any analysis or citations to authority.

{¶ 13} We begin by noting that appellant did not raise his equal protection argument before the trial court, has not asserted plain error here, and has not supported his argument with any citations to authority. Therefore, we decline to address his equal protection argument.

{¶ 14} Appellant did, however, generally raise before the trial court his argument that Columbus Traffic Code 2131.44(b) conflicts with R.C. 4511.204(C), although he also stated he had not been afforded the opportunity to research whether the state law supersedes the city ordinance. Before the trial court, appellant did not cite to any authority to support his argument that there is a conflict and that R.C. 4511.204(C) supersedes Columbus Traffic Code 2131.44(b). On appeal, he also made a very general argument that the trial court erred in finding Ohio law does not supersede a municipal and/or city ordinance and that he was pulled over in clear violation of Ohio law. Once again, he did not cite to any authority to support his argument.

{¶ 15} Appellant was charged with Columbus Traffic Code 2131.44, which states:

> (a) As used in this section:
>
> (1) "Text message" means a message sent, stored or received via a mobile communication device. For purposes of this section, an e-mail message shall be considered a text message.
>
> (2) "Mobile communication device" means any portable electronic device capable of transmitting or receiving data in the form of a text message or capable of accessing the internet, including but not limited to a wireless telephone, a text-messaging device, a personal digital assistant, or a personal computer.
>
> (b) *No person shall operate a vehicle while using a mobile communication device to*
>
> (1) *Compose, send or read a text message; or*
>
> (2) *Send, read, create, play or interact with internet-based content.*
>
> (c) Notwithstanding the provisions of division (b), this section shall not be construed to prohibit the use of a mobile communication device inside a motor vehicle by:

**(1) A driver using a mobile communication device to report a health or safety emergency or**

**(2) A driver using a mobile communication device while the motor vehicle is parked standing or stopped and is removed from the flow of traffic, in accordance with applicable laws or rules, or is stopped due to the inoperability of such vehicle, or**

**(3) A driver using a mobile communication device in the course of the driver's duties while operating an emergency or public safety vehicle.**

**(d) Whoever violates this section is guilty of a minor misdemeanor.**

(Emphasis added.) Appellant argues, without any support for his argument, that Columbus Traffic Code 2131.44(b) conflicts with R.C. 4511.204, which reads:

**(A)**

**No person shall drive a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic while using a handheld electronic wireless communications device to write, send, or read a text-based communication.**

**\* \* \***

**(C)**

**(1)** *Notwithstanding any provision of law to the contrary, no law enforcement officer shall cause an operator of an automobile being operated on any street or highway to stop the automobile for the sole purpose of determining whether a violation of division (A) of this section has been or is being committed or for the sole purpose of issuing a ticket, citation, or summons for a violation of that nature or causing the arrest of or commencing a prosecution of a person for a violation of that nature, and no law enforcement officer shall view the interior or visually inspect any automobile being operated on any street or highway for the sole purpose of determining whether a violation of that nature has been or is being committed.*

(Emphasis added.)

{¶ 16} The analysis of whether a state statute supersedes a municipal ordinance is not as straightforward as simply saying so. The Supreme Court has stated that the Home Rule Amendment provides independent authority to Ohio's municipalities with regard to local police regulations. "Nevertheless, a municipal ordinance must yield to a state statute if '(1) the ordinance is an exercise of the police power, rather than of local self-government, (2) the statute is a general law, and (3) the ordinance is in conflict with the statute.' " *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, ¶ 13, quoting *Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, ¶ 17. In analyzing the second prong of this three-part test, the Supreme Court has applied the test laid out in *Canton v. State,* 95 Ohio St.3d 149, 2002-Ohio-2005, ¶ 21, and stated that to qualify as a general law under the *Canton* test, a statute must:

> (1) be part of a statewide and comprehensive legislative enactment, (2) apply to all parts of the state alike and operate uniformly throughout the state, (3) set forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations, and (4) prescribe a rule of conduct upon citizens generally.

*Dayton* at ¶ 15, citing *Canton* at syllabus. Furthermore, this court recently summarized the applicable Ohio law. We stated " '[i]t has long been established that "[i]n determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." ' " *Columbus v. Kotevski*, 10th Dist. No. 18AP-203, 2018-Ohio-5105, ¶ 12, quoting *Cincinnati v. Baskin*, 112 Ohio St.3d 279, 2006-Ohio-6422, ¶ 19, quoting *Struthers v. Sokol*, 108 Ohio St. 263 (1923), paragraph two of the syllabus. Or, stated " '[i]n other words, "[n]o real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa." ' " *Id.,* quoting *Baskin*, quoting *Struthers* at 268.

{¶ 17} Appellant did not address any of the above cited authority or analysis or any other authority or analysis in support of his argument. Appellant's argument, in its entirety, was as follows:

> The Trial Court erred in finding that Ohio law does not supersede a municipal and/or city ordinance. * * * [Citations to U.S. Const. Am. XIV, Sec.1 and OH. Const. Art. I, Sec. 2] * * * Ohio law on texting is clear, "Notwithstanding any

provision of law to the contrary, no law enforcement officer shall cause an operator of an automobile being operated on any street or highway to stop the automobile for the sole purpose of determining whether a violation of division (A) of this section has been or is being committed for the sole purpose of issuing a ticket, citation, or summons for a violation of that nature or causing the arrest of or commencing a prosecution of a person for a violation of that nature, and no law enforcement officer shall view the interior or visually inspect any automobile being operated on any street or highway for the sole purpose of determining whether a violation of that nature has been or is being committed." See R.C. 4511.204(C)(1). Defendant-Appellant was pulled over for texting in clear violation of Ohio law. This was a denial of Defendant-Appellant's Constitutional right to Equal Protection of the Law.

(Appellant's Brief at 5-6.)

{¶ 18} "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16. Pursuant to App.R. 16(A)(7), an appellant must present his contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations to legal authorities and statutes. Pursuant to App.R. 12(A)(2), an appellate court may " 'disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A).' " *Morgan v. Ohio State Univ. College of Dentistry*, 10th Dist. No. 13AP-287, 2014-Ohio-1846, ¶ 64, quoting *Lundeen* at ¶ 16. " 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' " *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40, quoting *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16. *See also Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 16 ("App.R. 16(A)(7) requires that an appellate brief contain an argument in support of each assignment of error presented for review with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶ 19} As noted above, appellant's brief does not contain any arguments with citations to case law or any other authority. Therefore, pursuant to App.R. 12(A)(2), we

disregard this portion of appellant's second assignment of error. Accordingly, we overrule appellant's second assignment of error in its entirety.

**IV. Conclusion**

{¶ 20} Having overruled appellant's two assignments of error, the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____