[Cite as *Young v. Locke*, 2014-Ohio-2500.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sherry Young, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-608<br>(C.P.C. No. 90CVC-10842) |
| Gwylard W. Locke, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 10, 2014

*Scott Elliot Smith, LPA*, and *Scott Elliot Smith*, for appellant.

*Giorgianni Law LLC*, *Paul Giorgianni*; and *Henry W. Eckhart*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Sherry Young, appeals from a decision and entry of the Franklin County Court of Common Pleas granting the motion of appellee, Gwylard W. Locke, to vacate judgment and quash praecipe and denying appellant's motion to strike and finding moot appellant's motion to revive judgment. For the following reasons, we affirm.

**Facts and Procedural History**

{¶ 2} On April 18, 1990, appellee, was operating a motor vehicle and was involved in an automobile accident with another vehicle driven by Jason D. Berry. Appellant was a passenger in Berry's vehicle. The police report filed in connection with the accident indicated that appellee lived at 1051 Fairwood Avenue, Columbus, Ohio. Apparently, this was the address listed on appellee's driver's license at the time of the accident. Appellant

filed suit against appellee on October 18, 1990 alleging that appellee was negligent and reckless in the operation of his vehicle causing injuries to appellant.

{¶ 3}  Appellant attempted to serve appellee with the summons and complaint by certified mail at 1051 Fairwood Avenue, Columbus, Ohio.  After certified mail service of the complaint was returned unclaimed, appellant issued instructions for ordinary mail service at the same address.  The record contains a certificate of mailing indicating that the summons and complaint were sent to appellee at 1051 Fairwood Avenue, Columbus, Ohio, 43206 by ordinary mail.  That service was not returned.

{¶ 4}  When no responsive pleading was filed as required by the civil rules, appellant filed a motion for default judgment.  The trial court granted appellant's motion and set a damages hearing before a magistrate.  Appellee did not attend the damages hearing.  The magistrate issued a report and recommendation awarding appellant $20,000 in damages, plus interest and costs.  On May 17, 1991, the trial court adopted the magistrate's decision and issued a judgment against appellee as recommended by the magistrate.  On December 30, 1992, appellant filed a certificate of judgment lien to enforce the default judgment.  Appellant's judgment went dormant by operation of law on December 30, 1997.  R.C. 2329.07(A)(1).

{¶ 5}  The record does not reflect any further filings in this case until March 15, 2012 when appellant filed a praecipe asking the clerk of court to issue a certificate of judgment lien in her favor based upon the 1991 default judgment.  Shortly thereafter, appellant filed a motion to revive the default judgment against appellee.  Appellant also obtained an ex parte order to conduct a judgment-debtor's examination of appellee.  On June 24, 2012, appellee filed a motion to vacate the default judgment alleging that he was never served with the original summons and complaint and that he only recently became aware of the lawsuit and judgment.  Appellee also filed a motion to quash the praecipe for the judgment-debtor's examination.

{¶ 6}  Thereafter, the trial court vacated the order authorizing the judgment-debtor examination because, pursuant to R.C. 2329.07, a creditor cannot execute on a dormant judgment until the judgment has been revived.  The trial court then set a hearing on appellee's motion to vacate for December 13, 2012.

{¶ 7}  Prior to that hearing date, appellant served upon appellee several discovery requests.  Appellee objected to the discovery requests on the ground that appellant had no

right to discovery in connection with a hearing on a motion to vacate for lack of personal jurisdiction.  In response, appellant filed a motion to compel discovery or to bar appellee from presenting any evidence at the hearing on his motion to vacate.

{¶ 8}  On the morning of the scheduled hearing, appellant filed a motion to continue the hearing to allow appellant to conduct discovery.  The trial court refused to continue the hearing so as not to inconvenience the witnesses who were present.  However, the trial court granted appellant leave to conduct discovery and agreed to reconvene the hearing if either party felt it necessary after engaging in discovery.

{¶ 9}  During the hearing, appellee testified that he moved from 1051 Fairwood Avenue to 768 Rose Avenue in Columbus, Ohio, at least 22 months before appellant's summons and complaint were sent to him by ordinary mail at the Fairwood Avenue address.  Appellee also introduced into evidence a business record from his union that indicated he had moved from the Fairwood Avenue address before August 17, 1989.  Lastly, appellee introduced a real estate record maintained by the Franklin County Recorder indicating that appellee lost ownership of the 1051 Fairwood Avenue property at a sheriff's sale on July 5, 1988−21 months before the accident upon which appellant's claims are based.

{¶ 10} In a subsequent entry, the trial court reiterated that appellant could reconvene the hearing to present additional evidence if she felt it was necessary.

> If either party wants this Court to consider any additional evidence not previously submitted at the previous hearing, then, they may request by motion that the hearing be reconvened, and contact the Bailiff * * * to arrange a time and date for the reconvened hearing.  If neither party wants to reconvene the hearing, the parties shall file a stipulation and inform the Bailiff of their joint request.

(Decision and entry denying defendant's motion for additional evidence filed January 17, 2013 at 1.)

{¶ 11} Appellee served substantive responses to some of appellant's discovery requests and objected to others.  Appellant did not file a motion to compel discovery.  On May 2, 2013, the parties filed a joint stipulation, stipulating that the December 13, 2012 hearing should not be reconvened.  The following day, appellant filed a motion to strike the evidence offered by appellee during the hearing.

{¶ 12} Thereafter, the trial court granted appellee's motion to vacate the default judgment and denied appellant's motion to strike and finding moot appellant's motions to revive judgment. Appellant appeals, assigning the following errors:

> I. The trial court erred in failing to compel the Defendant to produce any discovery before the evidentiary hearing.
>
> II. The trial court erred in denying Plaintiff's Motion to Strike Defendant's Evidence Filed May 3, 2013.
>
> III. The trial court erred in failing to grant Plaintiff's Motion for Continuance.
>
> IV. The trial court erred in granting Defendant's Motions to Vacate Judgment and Quash Praecipe.
>
> V. The trial court erred in finding Plaintiff's Motions to Revive Judgment Filed June 5, 2012 and June 19, 2012 Moot.
>
> VI. The trial court violated Plaintiff's due process rights and equal access to the court to conduct pretrial discovery pursuant to Civ. R. 26-36.

**Legal Analysis**

{¶ 13} In her first and sixth assignments of error, appellant contends that the trial court erred in failing to compel appellee to produce discovery before the commencement of the evidentiary hearing. We disagree.

{¶ 14} We review a trial court's decision on matters relating to discovery under an abuse of discretion standard. *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996). "Abuse of discretion" implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 31.

{¶ 15} Assuming, without deciding, that appellant had a right to discovery in the context of a hearing on a motion to vacate,[1] we fail to see how the trial court abused its discretion under the circumstances presented here. Although the trial court permitted the commencement of the hearing on December 13, 2012 because witnesses were present, the

---

[1] It is not clear that appellant has a right to discovery in connection with a hearing on a motion to vacate. As noted by appellee, Civ.R. 26(B)(1) restricts discovery to "pending actions." Civil actions are not commenced until the defendant is properly served. Civ.R. 3(A). Arguably, therefore, appellant had no right to discovery because the action had never been properly commenced.

trial court granted appellant leave to conduct discovery without any limitations and indicated it would reconvene the hearing at the request of either party. Thereafter, appellant submitted discovery requests to appellee and appellee submitted substantive responses to those requests. Based upon that discovery, appellant could have asked the trial court to reconvene the hearing and appellant could have recalled witnesses or presented additional evidence at a reconvened hearing. Instead, appellant stipulated "that the December 13, 2012 hearing in this matter should not be reconvened." Although appellant now claims that appellee's discovery responses to its post-December 13, 2012 discovery requests were inadequate, appellant did not file a motion to compel. Lastly, appellant makes no attempt to explain how she was prejudiced by not having appellee's discovery responses prior to the commencement of the hearing when she could have reconvened the hearing and recalled witnesses and used those discovery responses in whatever manner she felt appropriate. Nor could appellant have been surprised at the evidence presented by appellee at the hearing because most of that evidence was referenced in appellee's motion to vacate. For these reasons, we find the trial court did not abuse its discretion and we overrule appellant's first and sixth assignments of error.

{¶ 16} In her second assignment of error, appellant contends the trial court erred in denying her May 3, 2013 motion to strike appellee's evidence. We note that appellant's brief does not contain any specific argument in support of this assignment of error. App.R. 16(A)(7) requires that an appellate brief contain an argument in support of each assignment of error presented for review with citations to the authorities, statutes, and parts of the record on which appellant relies. *Capital One Bank v. Branch*, 10th Dist. No. 05AP-441, 2005-Ohio-5994, ¶ 6.

{¶ 17} Although we can discern no specific argument in support of appellant's second assignment of error, appellant's brief suggests that because she did not receive discovery before the commencement of the December 13, 2012 hearing, the trial court should have granted appellant's motion to strike all evidence appellee introduced during the hearing. Assuming this is appellant's argument, we find it unpersuasive for the same reasons we overrule appellant's first and sixth assignments of error. The trial court did not abuse its discretion in resolving the discovery issues and did not err when it denied appellant's motion to strike. Therefore, we overrule appellant's second assignment of error.

{¶ 18} In her third assignment of error, appellant contends the trial court erred in failing to grant appellant's motion for continuance. Appellant argues the trial court erred when it allowed the hearing to commence without first giving appellant the right to conduct discovery. Again, we disagree.

{¶ 19} We review a trial court's denial of a motion for continuance under an abuse of discretion standard. *J & H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 12AP-588, 2013-Ohio-3827. In ruling upon a motion for a continuance, the trial court balances its interest in controlling its docket and the public's interest in an efficient dispatch of justice with the possibility of prejudice to the movant. *Id.* Here, although the trial court allowed the hearing to commence, it held the hearing open to give appellant the opportunity to conduct discovery and to reconvene the hearing if necessary. Contrary to appellant's contention, we do not read the trial court's ruling as limiting the evidence that appellant could present at a reconvened hearing. It appears that the whole point of the trial court's ruling was to give appellant the opportunity to conduct discovery and, if evidence was uncovered that supported appellant's argument, appellant could present that evidence at a reconvened hearing. The trial court imposed no limitations.[2]  Appellant did conduct discovery and appellee provided substantive responses. Although appellant now complains about those responses, appellant did not file a motion to compel with respect to those discovery requests and stipulated that the hearing should be not reconvened. Given these facts, the trial court did not abuse its discretion by permitting the hearing to commence as scheduled, but holding the hearing open to allow appellant to conduct discovery and to reconvene the hearing at the request of either party. Accordingly, we overrule appellant's third assignment of error.

{¶ 20} In her fourth assignment of error, appellant contends that the trial court erred when it granted appellee's motion to vacate judgment and quash praecipe. We review a trial court's decision on a motion to vacate under an abuse of discretion standard of review. *TCC Mgt., Inc. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 9.

{¶ 21} It is well-established that a court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been

---

[2] In its January 17, 2013 decision and entry denying appellee's motion for additional evidence, the trial court expressly stated "the denial of [appellee's] Motion shall not be construed as setting a limit upon what evidence may be submitted at a reconvened hearing." In addition, during the December 13, 2012 hearing, the trial court stated that after discovery, witnesses could be recalled if necessary at a reconvened hearing. (Tr. 86-87.)

made upon the defendant and the defendant has not appeared in the case or otherwise waived service. *Fifth Third Bank v. Hatfield*, 10th Dist. No. 03AP-175, 2004-Ohio-755, ¶ 12. Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is nullity and void ab initio. *Id.*

{¶ 22} The authority to vacate a void judgment is not derived from Civ.R. 60(B), but, rather, is an inherent power possessed by Ohio courts. Because courts have inherent power to vacate their own void judgments, motions to vacate void judgments need not satisfy the requirements of Civ.R. 60(B). *Id.* at ¶ 13. Thus, the appropriate recourse for challenging a void judgment that is encumbered by a jurisdictional defect is to file a common-law motion to vacate based upon the inherent power of a trial court to set aside a judgment. *Id.*

{¶ 23} Civ.R. 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail. If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the serving party may file with the clerk a request that a copy of the summons and complaint be served by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. Civ.R. 4.6(D). Compliance with the civil rules regarding service by mail creates a presumption of sufficient service; but that presumption can be rebutted by proof that the mailing did not actually reach the defendant. *TCC Mgt.* at ¶ 13; *Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, ¶ 13.

{¶ 24} In determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service. *Id.*, citing *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 33. In addition to compliance with the civil rules, due process requires that service of process be accomplished in a manner that is reasonably calculated to apprise the interested parties of the action and to give them the opportunity to appear. *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293.

{¶ 25} In the case at bar, the trial court, after an evidentiary hearing, found appellee's testimony that he was never served with the summons and complaint credible.

It appears that the trial court believed appellee's testimony that he did not live at the address to which the clerk sent the summons and complaint by ordinary mail. In addition to appellee's testimony, there was also unrebutted evidence before the trial court corroborating his testimony that he had not lived at the Fairwood Avenue address for almost two years prior to the attempt to serve process on him at that address. Therefore, there is competent, credible evidence supporting the trial court's factual finding that appellee was never served with the complaint and summons. Because appellee was never served, the judgment is void and the trial court did not abuse its discretion when it granted appellee's motion to vacate. For these reasons, we overrule appellant's fourth assignment of error.

{¶ 26} In his fifth assignment of error, appellant contends the trial court erred in finding appellant's motion to revive judgment filed June 4, and June 19, 2012 moot. We disagree.

{¶ 27} Because the trial court vacated the underlying judgment based upon a lack of personal jurisdiction, there is no judgment to revive. Accordingly, we agree with the trial court that appellant's motions to revive the judgment were moot and we overrule appellant's fifth assignment of error.

{¶ 28} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

———————————