[Cite as *Reliable Auto Fin., Inc. v. Kelly*, 2021-Ohio-2851.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Reliable Auto Finance, Inc., | : | |
| Plaintiff-Appellee, | : | No 20AP-518 |
| | | (M.C. No. 2017CVF-35300) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Karen L. Kelly, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 19, 2021

**On brief:** *Legal Aid Society of Columbus, Patrick W. Skilliter,* and *Kayla C. Callahan,* for appellant. **Argued:** *Kathy L. Hoover.*

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Karen L. Kelly, appeals from the October 13, 2020 judgment of the Franklin County Municipal Court denying her motion to vacate judgment for lack of personal jurisdiction filed on September 4, 2020. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On October 17, 2017, appellee filed in the trial court a complaint asserting claims for breach of contract and unjust enrichment arising out of a retail installment agreement ("Agreement") for the financing of the purchase of an automobile. (Oct. 17, 2017 Compl.) Appellee alleged appellant was liable for a deficiency under the Agreement in the principal amount of $9,138.34 and accrued interest in the amount of $95.00. *Id.* Summons was issued on October 24, 2017 to the address 2217 Sunshine Place, Columbus,

Ohio, 43232, but was returned as "unclaimed" on November 29, 2017. On January 4, 2018, service was reissued via ordinary mail to the same address; this, too, was returned to the clerk as "unsuccessful" on January 8, 2018.

{¶ 3} On February 5, 2018, appellee requested service be issued via certified mail to 514 Elwood Avenue, Columbus, Ohio, 43207. The docket does not reflect an entry indicating that this service was either successful or unsuccessful.

{¶ 4} On July 16, 2018, appellee requested service be issued via certified mail to 2171 Sunshine Place, Columbus, Ohio, 43232, which was returned "unclaimed" on August 15, 2018. Service to this address was reissued via ordinary mail on September 18, 2018, and the docket does not contain any entry showing the mailing was returned to the clerk or was otherwise unsuccessful. No answer was filed by appellant.

{¶ 5} Thereafter, on January 11, 2019, appellee filed a motion for default judgment. The trial court granted the motion on January 22, 2019 and entered judgment in favor of appellee in the amount of $9,138.34, plus accrued interest of $95.00, post-judgment interest at the statutory rate, and court costs. (Jan. 22, 2019 Entry Granting Default Jgmt.)

{¶ 6} On September 4, 2020, appellant, through counsel, filed a motion to vacate judgment and an emergency motion to stay garnishment.[1] (Mot. to Vacate.) In support of her motion to vacate judgment, appellant included her affidavit with supporting materials whereby she attests that she did not receive the summons and complaint in this case. (Kelly Aff. at ¶ 3.) Appellant further attests that since approximately November 1, 2017, she lived at 514 Elwood Avenue, Columbus, Ohio, 43207 and was not living at 2171 Sunshine Place, Columbus, Ohio, 43232, which was her mother's residence, during the pendency of the lawsuit. *Id.* at ¶ 4, 5. Appellant further attests that she was not aware of the pending lawsuit until her wages began to be garnished in the summer of 2019. *Id.* at ¶ 6.

{¶ 7} On March 24, 2020, without holding a hearing, the trial court issued an entry denying the motion to vacate judgment. (Oct. 13, 2020 Decision Entry.) The entry states in full as follows:

---

[1] Appellee had begun garnishing appellant's wages pursuant to the trial court's April 24, 2019 order.

Before the court is Defendant's Motion to Vacate Judgment. After review of the pleadings, the court finds Defendant has not met its legal burden and herby overrules the motion filed.

This is not a final appealable order. The Court hereby directs the Municipal Court Clerk to serve upon all parties notice of this judgment and its date of entry upon the journal.

{¶ 8} This timely appeal followed.

## II. Assignments of Error

{¶ 9} Appellant assigns two errors for our review:

[1.] The trial court abused its discretion by denying Ms. Kelly's motion to vacate because her unrefuted affidavit and exhibits established that the court lacked personal jurisdiction over her.

[2.] The trial court erred in denying Ms. Kelly's Motion to Vacate without a hearing.

## III. Discussion

### A. Appellant's Second Assignment of Error

{¶ 10} We begin our discussion with appellant's second assignment of error because we find it dispositive of this matter. In her second assignment of error, appellant asserts that the trial court erred in denying her motion to vacate judgment without conducting a hearing. We agree.

{¶ 11} When reviewing a trial court's decision to grant or deny a motion to vacate judgment, we apply an abuse of discretion standard. *Young v. Locke*, 10th. Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 20, citing *TCC Mgt., Inc. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 9. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} In order to render a valid judgment, a trial court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). If a trial court renders a judgment without first obtaining personal jurisdiction over the defendant, that judgment is void ab initio. *Third Fed. S. & L. Assn. v. Taylor*, 10th Dist. No. 17AP-254, 2017-Ohio-7620, ¶ 11; *Young*, 2014-Ohio-2500, at ¶ 21. A trial court lacks personal

jurisdiction over a defendant if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus; *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 27. Under the Civil Rules, the duty to perfect service of process is upon the plaintiff. *Maryhew v. Yova*, 11 Ohio St.3d 154, 159 (1984).

{¶ 13} This court has held that " 'a sworn statement by a defendant that he or she never was served with the complaint at least warrants the trial court's conducting a hearing to determine the validity of defendant's assertions.' " *Baumann v. Purchase Plus Buyer's Group, Inc.,* 10th Dist. No. 01AP-297, 2001-Ohio-3997, quoting *Wilson's Auto Serv., Inc. v. O'Brien*, 10th Dist. No. 92AP-1406 (Mar. 4, 1993). This is so because " 'a default judgment entered without proper service of process is void and * * * the authority to vacate such a judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power of the court.' " *Galbreath v. Martin*, 10th Dist. No. 11AP-348, 2011-Ohio-5852, ¶ 8, quoting *Oxley v. Zacks*, 10th Dist. No. 00AP-247 (Sept. 29, 2000). A motion to vacate default judgment premised on lack of personal jurisdiction due to improper service " 'need not satisfy all the requirements of Civ.R. 60(B). In particular, the movant need not set forth a meritorious defense, nor is it necessary that the motion be timely filed.' " *Id.*, quoting *Oxley* (further citations omitted). Thus, "if an uncontroverted affidavit stating that the movant did not receive service of process is attached to a motion to vacate judgment, the movant ' "should be afforded the opportunity at an evidentiary hearing to contest the issue of notice." ' " *Id.*, quoting *Oxley*, quoting *Nationwide Ins. Co. v. Mahn*, 36 Ohio App.3d 251, 252 (10th Dist.1987).

{¶ 14} Turning to the matter at hand, as an initial matter, we point out that although the trial court's entry denying the motion to vacate the default judgment states it is not a final appealable order, this is incorrect. An entry denying a motion to vacate or set aside a default judgment is indeed a final appealable order. *Deutsche Bank Natl. Trust Co. v. Pandey*, 10th Dist. No. 10AP-39, 2010-Ohio-3746, ¶ 12, citing *Colley v. Bazell*, 64 Ohio St.3d 243, 245 (1980).

{¶ 15} Next, in this case, appellant submitted a sworn affidavit attesting that she was never served with the complaint; that she did not reside at the address where service was purportedly effected; and that she had no knowledge of the lawsuit until her wages began to be garnished. The authority discussed above makes clear that the trial court should have conducted an evidentiary hearing to determine the validity of appellant's assertions–yet it failed to do so. Therefore, we find the trial court abused its discretion and erred in denying the motion of appellant to vacate judgment premised on lack of personal jurisdiction without conducting an evidentiary hearing. Accordingly, appellant's second assignment of error is sustained.

### B. Appellant's First Assignment of Error

{¶ 16} We have already found that the trial court erred in denying appellant's motion to vacate judgment without having conducted a hearing. Accordingly, appellant's first assignment of error is moot.

### IV. Disposition

{¶ 17} For the foregoing reasons, the trial court erred in denying the motion of appellant to vacate judgment without first conducting an evidentiary hearing. Having sustained appellant's second assignment of error, and having found appellant's first assignment of error moot, we reverse the judgment of the Franklin County Municipal Court and remand this matter to that court for further proceedings consistent with this decision.

*Judgment reversed;*

*cause remanded with instructions.*

BROWN and LUPER SCHUSTER, JJ., concur.