[Cite as *Kassouf v. Barylak*, 2023-Ohio-314.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TIMOTHY D. KASSOUF, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111594 |
| THEODORE BARYLAK, JR., ET AL., | : | |
| Defendants. | : | |
| [Appeal by Michael Kern] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 2, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-06-597502

***Appearances:***

The Brunn Law Firm Co. LPA, Thomas L. Brunn, Jr., and
Alison D. Ramsey, *for appellee.*

Kenneth R. Hurley, *for appellant* Michael Kern.

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Michael Kern ("Kern"), appeals the trial court's decision to deny his motion for relief from judgement. For the reasons that

follow, we reverse the decision of the trial court and remand the matter for a hearing on Kern's motion.

## I. Procedural History

{¶ 2} On July 31, 2006, plaintiff-appellee Timothy D. Kassouf ("Kassouf" or "appellee") filed a complaint raising claims arising from a motor-vehicle collision that occurred on or about December 12, 2003. The complaint included a claim of negligence and a claim for punitive damages against defendant Theodore Barylak, Jr. ("Barylak"), who was the driver of the other vehicle; a claim of negligent entrustment against Kern, who allegedly owned the vehicle driven by Barylak and entrusted it to Barylak; and a claim for uninsured/underinsured motorist coverage against defendants American Select Insurance Company and Westfield Group (collectively "the defendant insurers").

{¶ 3} Service of process was sent to each of the defendants. Relative to this appeal, the record shows that after an attempt to serve Kern by certified mail was returned "unclaimed" on November 20, 2006, service of the summons and complaint was sent by ordinary mail to Kern at a Parma, Ohio, address on December 5, 2006. The ordinary-mail service was not returned. Kern failed to plead or otherwise defend in the action. Neither did Barylak.

{¶ 4} On March 7, 2007, the trial court granted appellee's application for default judgment against Barylak and Kern "as to the issue of liability." The determination of damages was deferred to the time of trial.

{¶ 5} Kassouf settled all claims against the defendant insurers. The trial court issued a journal entry on March 21, 2007, that states, "Pursuant to telephone notice from [plaintiff's] counsel, the claims against [defendants] Westfield and American Select have been settled." The journal entry was entered as a partial dismissal with prejudice.

{¶ 6} The case was called for trial on March 20, 2007, and defendants Barylak and Kern failed to appear. On March 22, 2007, the trial court issued a judgment entry that rendered judgment "for Plaintiff and against Defendants Theodore Barylak, Jr. and Michael Kern, jointly, severally, and/or proportionately in the amount of $33,000.00, together with interest at the statutory rate from the date of judgment." The journal entry designated the judgment as "Final."

{¶ 7} Thereafter, a "stipulation for dismissal and judgment entry" was submitted by Kassouf and the defendant insurers, which followed from the settlement of the claims against the defendant insurers. The stipulation was signed by the attorneys for Kassouf and the defendant insurers and provided as follows: "Now come the attorneys for the respective parties herein and give notice that all claims are dismissed, with prejudice, costs to defendants." The stipulation was "so ordered" by the trial court judge in the judgment entry. The April 16, 2007 journal entry provides as follows: "Pursuant to the parties' stipulation for dismissal, the case is dismissed with prejudice. Final. OSJ." On May 17, 2007, the court assessed the costs against defendant Westfield.

{¶ 8} On June 11, 2007, the judgment rendered against Barylak and Kern was transferred to the Parma Municipal Court for execution.

{¶ 9} On May 14, 2021, defendant Kern filed a motion for relief from judgment. Kern asserted that he was never properly served and that he did not receive actual notice of the filing of the complaint until after the default judgment was rendered. Kern attached an affidavit to his motion in which he averred that although he owned the property where service was sent in Parma, he was not residing there when the notices of the lawsuit were sent. More specifically, he states he was removed from the property on March 19, 2006, incident to "the issuance of a civil protection order," he was "not a resident at that property between March 19, 2006 and late 2007," and he did not move back "until early 2008." Kern attached copies of documents from Parma Municipal Court listing his address in Olmsted Falls, Ohio, over a period from November 2006 through June 2007. Kern further averred that he did not know of this case until he "was made aware of a levy, which was served upon my former girlfriend in the summer of 2007." Kern also makes averments regarding his defense to the action.

{¶ 10} On May 9, 2022, the trial court summarily denied Kern's motion for relief from judgment "as untimely." Kern timely appealed that decision.

{¶ 11} The other defendants are not parties to the appeal. After Kern's appeal was filed, this court granted a motion to dismiss American Select Insurance Company and Westfield Group as parties to the appeal and to correct the docket. It was recognized that all claims against the defendant insurers were settled in 2007

and that this appeal concerns the denial of Kern's motion to vacate the default judgment.

## II. Law and Analysis

### A. The Default Judgment

{¶ 12} As an initial matter, after Kern's appeal was filed, this court ordered supplemental briefing on the effect of the April 16, 2007 journal entry on the default judgment, including whether the default judgment was nullified or whether it became a final, appealable order pursuant to prior precedent from this court. Upon closer examination of the entire record and consideration of the supplemental briefing, it is apparent that the default judgment was not rendered a nullity in this matter.

{¶ 13} The record reflects that Kassouf was granted default judgment on his claims against Kern and Barylak and damages were awarded against those two defendants. Kassouf settled and dismissed his remaining claims against the defendant insurers, with notice thereof provided to the court and reflected by a partial-dismissal entry. The stipulation that followed, which was entered upon the settlement reached by Kassouf and the defendant insurers, gave notice that "all claims are dismissed, with prejudice." The trial court judge signed the stipulation for dismissal and judgment entry and issued a journal entry on April 16, 2007, that dismissed the case with prejudice "pursuant to the parties' stipulation for dismissal[.]"

**{¶ 14}** The only reasonable construction is that the stipulation and judgment entry governed the dismissal of all claims by and against the defendant insurers. Pursuant to the stipulation for dismissal, the trial court dismissed the case with prejudice, thereby rendering the default judgment on the claims against Kern and Barylak a final, appealable order. *Compare Denham v. New Carlisle*, 86 Ohio St.3d 594, 597, 716 N.E.2d 184 (1999) ("[A] trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)."); *with Beck v. Jones*, 8th Dist. Cuyahoga Nos. 90120 and 91056, 2008-Ohio-5343, ¶ 2, 7, 12 (finding order granting partial summary judgment to the "sole defendant" was rendered a nullity because the entire case was subsequently dismissed with prejudice pursuant to the parties' stipulation to dismiss the case, which stated "all claims by both parties" had been settled and dismissed with prejudice); and *Myers v. State Farm Ins.*, 8th Dist. Cuyahoga No. 81162, 2003-Ohio-174, ¶ 12, 15 (finding a judgment that dismissed the case "as to all parties" with prejudice superseded an interlocutory order granting partial summary judgment to Nationwide).[1]

---

[1] We note that the *Myers* decision did not specifically address the default judgment entered against the owner of the automobile and a stipulated order dismissing claims against State Farm Insurance Company with prejudice pursuant to a settlement agreement. *Id*. at ¶ 5, 12.

## B. Motion for Relief — Lack of Service

{¶ 15} On appeal, Kern's sole assignment of error claims the trial court abused its discretion in denying his motion for relief from judgment. In his motion, Kern argued that he had never properly been served, and he provided a supporting affidavit in which he averred that he did not reside at the address where service was sent. The trial court denied Kern's unopposed motion, which was filed 14 years after the judgment, as untimely.

{¶ 16} "An entry denying a motion to vacate or set aside a default judgment is * * * a final appealable order." *Reliable Auto Fin., Inc. v. Kelly*, 10th Dist. Franklin No. 20AP-518, 2021-Ohio-2851, ¶ 14, citing *Deutsche Bank Natl. Trust Co. v. Pandey*, 10th Dist. Franklin No. 10AP-39, 2010-Ohio-3746, ¶ 12. Generally, we review the denial of a motion to vacate for an abuse of discretion. *See Brookville Ents. v. Clarence J. Kessler Estate HCF Mgt.*, 2d Dist. Montgomery No. 29314, 2022-Ohio-1420, ¶ 20. However, when the challenge implicates an issue of law, we review the issue of law de novo. *Altman v. Parker*, 2018-Ohio-4583, 123 N.E.3d 382, ¶ 6 (1st Dist.), citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 705 N.E.2d 408 (1st Dist.1997).

{¶ 17} Kern argues on appeal that in light of his unrefuted affidavit that he did not receive proper service, the default judgment is void ab initio because the trial court never acquired personal jurisdiction over him and, therefore, the amount of time that has passed is irrelevant. Appellee argues that Kern cannot satisfy the requirements of Civ.R. 60(B), that a Civ.R. 60(B) motion is not a proper vehicle to

challenge a void judgment, and that even if the jurisdictional issue was sufficiently raised, this court should not consider arguments proffered for the first time on appeal. Appellee also claims that Kern did not sufficiently rebut the presumption of proper service.

{¶ 18} We do not find the form of the motion was fatal to Kern's request to vacate the judgment for a lack of proper service. *See State Auto Ins. v. Wilson*, 9th Dist. Summit No. 29678, 2020-Ohio-4456, ¶ 5. Although the appropriate procedure would have been to file a common law motion to vacate rather than a Civ.R. 60(B) motion, "'[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts.'" *Brookville Ents.* at ¶ 19, quoting *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). *Accord King v. Water's Edge Condominium Unit Owners' Assoc.*, 8th Dist. Cuyahoga No. 109895, 2021-Ohio-1717, ¶ 20.

{¶ 19} As the Supreme Court of Ohio has recognized, "It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). *Accord State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, 183, 553 N.E.2d 650 (1990); *see also Maryhew v. Yova*, 11 Ohio St.3d 154, 156-175, 464 N.E.2d 538 (1984). Moreover, "a trial court lacks personal jurisdiction over a defendant if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service." *Reliable*

*Auto Fin.*, 10th Dist. Franklin No. 20AP-518, 2021-Ohio-2851, at ¶ 12, citing *Ballard* at paragraph one of the syllabus. Therefore, "[a] person against whom such judgment and findings are made is entitled to have the judgment vacated." *Ballard* at 184. Furthermore, "[i]naction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." *Maryhew* at 157.

{¶ 20} Because Kern did not need to file a Civ.R. 60(B) motion, he did not need to establish entitlement to relief under that rule. *See Brookville Ents.*, 2d Dist. Montgomery No. 29314, 2022-Ohio-1420, at ¶ 19. In particular, it is not necessary that the motion be timely filed or that a meritorious defense be set forth. *Reliable Auto Fin.* at ¶ 13, citing *Galbreath v. Martin*, 10th Dist. Franklin No. 11AP-348, 2011-Ohio-5852, ¶ 8. As this court has recognized, "trial courts have inherent authority to vacate a void judgment, and a party asserting lack of jurisdiction due to lack of service does not need to meet the requirements of Civ.R. 60(B)." *Midland Funding, L.L.C. v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 16, citing *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 15; *see also King* at ¶ 20, citing *GGNSC Lima, L.L.C.* at ¶ 15. Likewise, the doctrine of laches does not apply. *See Altman*, 2018-Ohio-4583, 123 N.E.3d 382, at ¶ 8-9 (1st Dist.). We certainly understand that because Kern's motion was presented pursuant to Civ.R. 60(B), the trial court reviewed it for timeliness. However, because the grounds for Kern's motion was that he had not been properly

served, the trial court should have considered the issue of whether the default judgment should be vacated due to a lack of proper service.

{¶ 21} "The plaintiff bears the burden of obtaining proper service on a defendant." *FIA Card Servs. NA v. Adler*, 8th Dist. Cuyahoga No. 111087, 2022-Ohio-4631, ¶ 16, citing *Cincinnati Ins. Co.*, 124 Ohio App.3d at 63, 705 N.E.2d 408. "Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Id.*, citing *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 14. Although this court has found that a self-serving statement on its own is not sufficient to rebut the presumption of proper service, the presumption of proper service can be rebutted "where a defendant presents sufficient evidentiary-quality information demonstrating that service was not accomplished." *Kent State Univ. v. Manley*, 8th Dist. Cuyahoga No. 111483, 2022-Ohio-4512, ¶ 21, citing *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 28, 51; *but see Cincinnati Ins. Co.* at 64 (recognizing a self-serving affidavit, even if uncontroverted, may be enough to warrant an evidentiary hearing).

{¶ 22} As this court has previously held:

[T]he rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed. * * *

"Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the

> plaintiff to produce evidence demonstrating that defendant resided at
> the address in question."

*Hook* at ¶ 15, quoting *Watts v. Brown*, 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, 14-15 (Aug. 4, 1983); *see also Midland Funding* at ¶ 12-15. We observe that in both *Hook* and *Midland Funding*, an evidentiary hearing was conducted. *See Hook* at ¶ 16-17; *Midland Funding* at ¶ 14.

{¶ 23} In this matter, the docket reflects that service was sent to Kern at a Parma address in accordance with Civ.R. 4.1 through 4.6. Kern provided a sworn affidavit attesting that he was never served with the complaint; that he was not residing at the Parma address where service was purportedly effected; that although he owned the home where service was sent, he had been removed from the home pursuant to the issuance of a civil protection order and was residing at an address in Olmsted Falls; and that he had no knowledge of the lawsuit until he was made aware of a levy after the default judgment had been rendered against him. Kern attached to his affidavit documents sent to him from Parma Municipal Court that list his address at the Olmsted Falls address during the relevant time. Kern's sworn statement was unchallenged by appellee when the trial court denied Kern's motion.

{¶ 24} Although appellee challenges Kern's claim of lack of service on appeal, because the trial court summarily denied Kern's motion as untimely, it never addressed the issue of whether effective service of process was made. As this court previously has determined, "[w]here the defendant's sworn statement that he or she never received the complaint is uncontested by the plaintiff, it is reversible error for

the trial court to disregard it." *Capital One Bank (USA) NA v. Smith*, 2020-Ohio-1614, 154 N.E.3d 240, ¶ 18 (8th Dist.), citing *Lakhodar v. Madani*, 8th Dist. Cuyahoga No. 91564, 2008-Ohio-6502, ¶ 14. We recognize that a hearing may not always be required. However, under the circumstances presented in this matter, at the least, the trial court should have conducted a hearing to determine the validity of Kern's statement. *See id*. at ¶ 18-19 (finding a trial court abused its discretion in failing to hold a hearing to determine the validity of an uncontested sworn statement that the defendant did not receive service and was residing at another address); *Reliable Auto Fin*., 10th Dist. Franklin No. 20AP-518, 2021-Ohio-2851, at ¶ 15 (finding a trial court erred in denying a similar motion to vacate without conducting an evidentiary hearing); *see also King,* 8th Dist. Cuyahoga No. 109895, 2021-Ohio-1717, at ¶ 30, citing G*GNSC Lima, L.L.C.,* 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 16; *Hook*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, at ¶ 16-17; *Cincinnati Ins. Co.*, 124 Ohio App.3d at 65, 705 N.E.2d 408.

**Conclusion**

{¶ 25} While we understand the relief was requested as a Civ.R. 60(B) motion and seemingly was untimely under that provision, we are compelled to find the trial court abused its discretion in denying Kern's motion as untimely. Under the circumstances presented, we find that an evidentiary hearing is warranted on the motion. On remand, the trial court is instructed to promptly conduct an evidentiary hearing in the matter.

{¶ 26} Judgment reversed; case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR