[Cite as *One Main Fin. Group, L.L.C. v. Knight*, 2026-Ohio-1660.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ONE MAIN FINANCIAL GROUP, LLC,    :

      Plaintiff-Appellee,    :

      No. 115883

v.    :

ALEXANDRIA L. KNIGHT,    :

      Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2026

---

Civil Appeal from the Rocky River Municipal Court
Case No. 25 CVF 0640

---

### *Appearances:*

Alexandria L. Knight, *pro se.*


EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Alexandria L. Knight ("Knight"), pro se, appeals the denial of her motion for relief from judgment. She claims the following errors:

> 1. The trial court erred as a matter of law by entering a default judgment where service of process was sent to an incorrect address and failed to comply with Civ.R. 4 and Civ.R. 4.1, depriving the court of personal jurisdiction.

2. The trial court abused its discretion by denying appellant's motion to vacate judgment where the judgment was void for lack of personal jurisdiction.

3. The trial court erred by adopting the magistrate's decision without addressing the jurisdictional defect caused by improper service of process.

{¶ 2} We find that the trial court lacked personal jurisdiction to render judgment against Knight and that the default judgment entered against her is void. We, therefore, reverse the trial court's judgment denying the motion to vacate the default judgment and remand the case to the trial court to vacate the default judgment.

## I. Facts and Procedural History

{¶ 3} In March 2025, plaintiff-appellee One Main Financial Group, L.L.C. ("One Main"), filed a complaint against Knight in the Rocky River Municipal Court, alleging that she defaulted on a personal loan. The complaint listed Knight's address as 4205 West 214th Street in Fairview Park, Ohio (the "Fairview Park address"), and One Main's counsel requested service of the complaint at that address via FedEx. No signature was required for return service.

{¶ 4} On May 16, 2025, the court issued a notice scheduling the case for mediation on June 18, 2025. The notice indicates it was sent to the Fairview Park address. On June 18, 2025, the court called the case for mediation, and Knight failed to appear. The trial court entered a default judgment against Knight and in favor of One Main in the amount of $13,251.77, that same day. The magistrate's decision, which was sent to the Fairview Park address, provides notice, pursuant to Civ.R.

53(3)(b)(ii) that "[a] party may file written objections to a Magistrate's Decision within fourteen (14) days of the filing of the decision. . . ." Knight did not file objections to the magistrate's decision.

{¶ 5} On August 29, 2025, Knight filed a pro se motion to vacate the default judgment pursuant to Civ.R. 60(B), arguing that the trial court lacked personal jurisdiction to render judgment against her because she was never served with the complaint. She supported the motion with an affidavit wherein she swore under oath that she never received service of the complaint. On both signature lines of the motion and on the certificate of service, Knight provided a Cleveland address as her mailing address.

{¶ 6} On September 16, 2025, a magistrate journalized a decision denying Knight's motion to vacate. The magistrate's decision denying the motion to vacate the default judgment provided the following notice:

> A party shall not assign as error on appeal the court's adoption of any finding of fact or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civil Rule 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusions as required by Civil Rule 53(D)(3)(b).

{¶ 7} Knight did not file objections to the magistrate's decision, and the trial court adopted the magistrate's decision on October 2, 2025. Knight now appeals the trial court's judgment denying her motion to vacate the default judgment.

## II. Law and Analysis

{¶ 8} In the first assignment of error, Knight argues the trial court erred in granting the default judgment where service of process was sent to the wrong address and the trial court lacked the personal jurisdiction needed to render judgment against her. In the second assignment of error, Knight argues the trial court abused its discretion when it denied her motion to vacate where the judgment entered against her was void for lack of personal jurisdiction. In the third assignment of error, Knight argues the trial court erred in adopting the magistrate's decision denying the motion to vacate without addressing the jurisdictional defect that rendered the default judgment void. We discuss these assigned errors together because they all relate to the trial court's personal jurisdiction.

### A. Standard of Review

{¶ 9} Whether a trial court has personal jurisdiction over a defendant is a question of law subject to de novo review. *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551, ¶ 27. In a de novo review, we afford no deference to the trial court's decision. *State v. Buehner*, 2021-Ohio-4435, ¶ 43 (8th Dist.).

### B. Personal Jurisdiction

{¶ 10} "[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant." *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, ¶ 9 (8th Dist.). A judgment rendered without personal jurisdiction is void. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 14 (8th Dist.), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus.

{¶ 11} "The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton* at paragraph four of the syllabus. The proper procedure for challenging a void judgment is to file a common-law motion to vacate the judgment. *Shiftmed, L.L.C. v. Westchester Parkway Consulting, L.L.C.*, 2025-Ohio-1554, ¶ 19 (8th Dist.), citing *Kassouf v. Barylak*, 2023-Ohio-314, ¶ 18 (8th Dist.). Therefore, the requirements for relief from judgment set forth in Civ.R. 60(B) are inapplicable and need not be satisfied by a defendant seeking relief from a default judgment rendered by a trial court lacking personal jurisdiction. *Id.*

{¶ 12} A court acquires personal jurisdiction over a defendant when (1) the defendant is properly served with the complaint and summons, (2) the defendant makes a voluntary appearance in the case, or (3) "limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction." *GGNSC Lima* at ¶ 14; *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984).

{¶ 13} In this case, Knight did not appear nor did she undertake any limited acts by which she involuntarily submitted to the court's jurisdiction. Therefore, it was incumbent on One Main, as the plaintiff, to properly serve Knight with the complaint and summons in order to establish personal jurisdiction.

{¶ 14} "To be effective, service of process must comport with the requirements of due process." *King v. Water's Edge Condominium Unit Owners' Assn.*, 2021-Ohio-1717, ¶ 22 (8th Dist.), citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403 (1980), syllabus. """Service of process is

consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear.""" *Id.*, quoting *Lauver v. Ohio Valley Selective Harvesting, L.L.C.*, 2017-Ohio-5777, ¶ 17 (12th Dist.), quoting *Motorists Mut. Ins. Co. v. Roberts*, 2014-Ohio-1893, ¶ 32 (12th Dist.).

{¶ 15} Civ.R. 4(A) provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." The clerk in this case sent service of the complaint to the Fairview Park address via FedEx, a commercial carrier service. Civ.R. 4.1 governs service of process, and Civ.R. 4.1(A)(2) specifically governs service by commercial carrier service. Civ.R. 4.1(A)(2) states, in relevant part:

> Unless the serving party furnishes written instructions to the clerk that service be made pursuant to Civ.R. 4.1 (A)(1)(a), the clerk may make service of any process by a commercial carrier service utilizing any form of delivery *requiring a signed receipt*. The clerk shall deliver a copy of the process and complaint or other document to be served to a commercial carrier service for delivery at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk, with instructions to the carrier *to return a signed receipt* showing to whom delivered, date of delivery, and address where delivered.

(Emphasis added.)

{¶ 16} As indicated in Civ.R. 4.1, the preferred method for serving a party in Ohio is by certified mail or commercial carrier, evidenced by a signed return receipt. *Hook v. Collins*, 2017-Ohio-976, ¶ 13 (8th Dist.). "'A signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.'" *Water's Edge*

*Condominium Unit Owners' Assn.*, 2021-Ohio-1717, at ¶ 23, quoting *TCC Mgt. v. Clapp*, 2005-Ohio-4357, ¶ 11 (10th Dist.). And, where the plaintiff follows the civil rules governing service of process, proper service is presumed unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Hook* at ¶ 13.

{¶ 17} To rebut the presumption of proper service, the opposing party must produce evidentiary-quality information demonstrating that he or she did not receive service. *McWilliams v. Schumacher*, 2013-Ohio-29, ¶ 51 (8th Dist.), citing *Thompson v. Bayer*, 2011-Ohio-5897, ¶ 23 (5th Dist.). We have held that "[t]he rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed." *Hook* at ¶ 15.

{¶ 18} Service of the complaint in this case was sent via FedEx, a commercial carrier, to the Fairview Park address noted on the complaint. However, no signature was required for the delivery, and no one at the residence signed a return receipt. As a result, service of process at the Fairview Park residence failed to comply with Civ.R. 4.1(A)(2), and proper service cannot be presumed. *See, e.g., Grimm Scientific Industries, Inc. v. Foam Supplies, Inc.*, 2022 U.S. Dist. LEXIS 199251 (S.D. Ohio Nov. 1, 2022) (holding that a return receipt signed by a post office delivery agent was not sufficient to establish proper service because the return receipt was not signed by someone at the defendant's residence).

{¶ 19} Knight supported her motion to vacate the default judgment with a sworn affidavit wherein she averred, in relevant part:

2. I did not receive proper service of the Summons and Complaint.

3. Because I did not receive proper service, I had no notice of the lawsuit and was unable to defend myself.

4. I only learned of the judgment after it was entered.

{¶ 20} A plaintiff bears the burden of establishing proper service on a defendant. *Shiftmed*, 2025-Ohio-1554 at ¶ 23. Not only did One Main fail to obtain a signed receipt of service, but Knight swore under oath that she never received service of the complaint. She also indicated on the signature line of her motion and on the certificate of service that her home is located in Cleveland and not in Fairview Park, where the summons and complaint were sent. The trial court never placed the burden on One Main to establish that it obtained proper service on Knight. And yet, it summarily denied the motion to vacate despite insufficient evidence of proper service.

{¶ 21} "A default judgment rendered without effective service of process is a nullity and void for lack of personal jurisdiction." *Shiftmed, L.L.C.,* 2025-Ohio-1554, at ¶ 21 (8th Dist.), citing *Kassouf,* 2023-Ohio-314, at ¶ 19. Without sufficient evidence of proper service, the trial court lacked personal jurisdiction to enter a default judgment against Knight and the default judgment entered against her is void, and she is entitled to have the judgment vacated. *Id.*

{¶ 22} We note, however, that the magistrate's decision denying the motion to vacate the default judgment provided the following notice:

A party shall not assign as error on appeal the court's adoption of any finding of fact or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civil Rule

53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusions as required by Civil Rule 53(D)(3)(b).

{¶ 23} Civ.R. 53(D)(3)(b)(iv) itself provides:

*Except for a claim of plain error*, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

(Emphasis added.)

{¶ 24} Knight did not file objections to the magistrate's decision. She, therefore, forfeited all but plain error. *2222 Internatl. L.L.C. v. Law Search L.L.C.*, 2026-Ohio-125, ¶ 28 (8th Dist.) ("Pursuant to Civ.R. 53(D)(3)(b)(iv), a party waives all but plain-error review of an assigned error that was not first raised as an objection to the magistrate's decision.").

{¶ 25} Appellate courts may, in their discretion, notice plain error. *See, e.g.*, *State v. Jones*, 2020-Ohio-3051, ¶ 17 ("An appellate court has discretion to notice plain error."); *Rosales-Mireles v. United States*, 585 U.S. 129 (2018) (holding that court has discretion to recognize plain error). However, civil plain error is limited to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

For the plain error doctrine to apply, the party claiming error must establish (1) that "'an error, i.e., a deviation from a legal rule" occurred, (2) that the error was "'an "obvious" defect in the trial proceedings,'" and (3) that this obvious error affected substantial rights, i.e., the error "'must have affected the outcome of the trial.'" . . . For an error to be "plain" or "obvious," the error must be plain "under current law" "at the time of appellate consideration."

(Citations omitted.) *In re E.A.G.*, 2024-Ohio-315, ¶ 81 (4th Dist.), quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22, and quoting *Johnson v. United States*, 520 U.S. 461, 467, 468 (1997). *See also Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982) (holding that courts may notice plain error in civil cases even though it originates in criminal law).

{¶ 26} Civ.R. 4.1 sets forth the method for providing proper service on Knight. The prescribed method was not followed because service was delivered to the Fairview Park address without requiring a signature receipt, in violation of Civ.R. 4.1(A)(2). Knight has, therefore, demonstrated an obvious deviation from a legal rule. Moreover, the obvious error affected Knight's substantial rights because she was deprived of the opportunity to appear and defend herself in the action. Knight's right to due process of law was violated when the trial court entered a default judgment against her despite insufficient evidence of proper service and despite the court's lack of personal jurisdiction. We, therefore, find that the prerequisites necessary for finding plain error have been established in this case.

{¶ 27} Accordingly, Knight's assigned errors are sustained. The trial court's denial of Knight's motion to vacate the default judgment is reversed. We remand the case to the trial court to vacate the default judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIMOTHY W. CLARY, J., CONCUR