[Cite as *Nelson v. Testa*, 2024-Ohio-4486.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

TODD HALSEY NELSON,      :

    Plaintiff-Appellant,    :

                          No. 113280

    v.                    :

MEGAN ELIZABETH TESTA,    :

    Defendant-Appellee.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-383181

---

*Appearances:*

Kubyn & Ghaster and R. Russell Kubyn, *for appellant.*

James P. Reddy, Jr., *for appellee.*

LISA B. FORBES, P.J.:

{¶ 1} Todd Halsey Nelson ("Husband") appeals from the domestic relations court's judgment entries adopting the magistrate's decision and granting him and Megan Elizabeth Testa ("Wife") a divorce. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I.    Facts and Procedural History

{¶ 2} Husband and Wife were married on February 15, 2008. The parties had two children during their marriage. Husband and Wife separated in September 2020, and on October 29, 2020, Husband filed a complaint for divorce. On July 8, 2021, the court issued an order concerning temporary child and spousal support. On August 20, 2021, Husband filed a motion pursuant to Civ.R. 75(N)(2) requesting a hearing to modify the temporary order. The court held this hearing via Zoom, and on January 21, 2022, the court modified the temporary-support award and ordered Wife to pay Husband $400 per month in child support and $500 per month in spousal support, plus $100 per month toward arrears. If a transcript of this Zoom hearing exists, it is not part of the record in this case.

{¶ 3} On October 31, 2022, the court issued a journal entry scheduling this case for trial on January 26, and 27, 2023. No trial was held, however, because the parties entered into a separation agreement on January 26, 2023. This agreement resolved all issues except child support and spousal support. In the separation agreement, the parties stipulated that "child support shall be determined by the court upon submission of briefs," and "Husband and Wife will submit briefs to the court for the determination of any spousal support obligation."

{¶ 4} On February 14, 2023, Husband filed a "motion to set aside and/or invalidate the separation agreement" based on alleged omissions in Wife's discovery responses regarding her income. On February 27, 2023, Wife filed a "brief in support of maintaining existing child and spousal support orders" along with

various exhibits. The court denied Husband's motion to set aside or invalidate on March 2, 2023. In this journal entry denying Husband's motion, the court ordered the parties to submit their "trial briefs" in accordance with the separation agreement, finding that they were originally due on February 27, 2023.

{¶ 5} In March 2023, the parties filed the following along with various attachments: Husband filed a trial brief; Wife filed a brief in opposition to Husband's trial brief; Husband filed a reply to Wife's brief in opposition; and Wife filed a "reply to [Husband's] reply to [Wife's] brief in opposition to [Husband's] trial brief."

{¶ 6} On May 10, 2023, the magistrate issued a recommended decision granting the parties a divorce, adopting the parties' shared parenting plan and separation agreement, and ordering that Wife pay Husband $500 monthly in spousal support for 36 months and $1,211 monthly in child support.

{¶ 7} Both parties filed objections to this magistrate's decision, challenging the child-support and spousal-support awards. On September 20, 2023, the court issued a ruling on the objections. First, the court found that both parties failed to comply with Cuyahoga C.P., D.R.Div., Loc.R. 27(2)(a), which requires any party objecting to a magistrate's decision to file an "affidavit of all evidence submitted to the magistrate" when a transcript of the proceedings at issue is unavailable. The court acknowledged that the transcript in the case at hand was unavailable "because this matter was submitted on briefs." The court further found that, as a result of the failure to follow this local rule, "the court must adopt the Magistrate's finding[s] of

fact and will only consider those objections which are based in the Magistrate[']s error of law."

{¶ 8} In this same September 20, 2023 journal entry, the court overruled Husband's and Wife's objections to the magistrate's decision regarding spousal support and child support. The court also adopted the magistrate's decision in its entirety.

{¶ 9} On October 10, 2023, the court issued a judgment entry of divorce, which granted the parties a divorce and ordered into execution the parties' shared parenting plan and separation agreement. The judgment entry also ordered Wife to pay Husband $500 monthly in spousal support for 36 months and $1,211 monthly in child support.

{¶ 10} It is from this order that Husband appeals, raising three assignments of error for our review.

I.     The trial court erred to the prejudice of [Husband] by holding that the trial court must adopt the Magistrate's Findings of Fact.

II.    The trial court erred to the prejudice of [Husband] and abused its discretion by affirming the Magistrate's Decision in recommending that [Wife] pay to [Husband] only $500.00 per month as spousal support for only thirty-six months as such was against the manifest weight and sufficiency of the evidence.

III.   The trial court erred to the prejudice of [Husband] and abused its discretion by affirming the Magistrate's Decision in recommending a child support deviation in favor of [Wife] in the amount of $1,000.00 per month as such was against the manifest weight and sufficiency of the evidence

{¶ 11} After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## II. Law and Analysis

### A. Standard of Review in Divorce Cases

{¶ 12} In *Feldman v. Feldman*, 2009-Ohio-4202, ¶ 11 (8th Dist.), this court held that

> [t]he Ohio Supreme Court has long recognized that a trial court must have discretion to do what is equitable upon the facts and circumstances of each divorce case. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Thus, when reviewing a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard.

{¶ 13} "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). In *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), the Ohio Supreme Court held that "[a]lthough *Adams* dealt with 'abuse of discretion' in a criminal law context, . . . the term has the same meaning when applied in a domestic relations context."

### B. Failure to File Transcript or Affidavit of Evidence Regarding Proceedings Before the Magistrate

{¶ 14} Cuyahoga C.P., D.R.Div., Loc.R. 27(2)(a) states as follows: "If a party is objecting to factual findings in the Magistrate's decision, a transcript of the record of proceedings before the Magistrate must be filed. If a transcript is not available, the party must file an affidavit of all evidence submitted to the Magistrate."

{¶ 15} Civ.R. 53(D)(3)(b)(iii), which is titled "Objection to magistrate's factual finding; transcript or affidavit," states as follows: "An objection to a factual finding . . . shall be supported by a transcript of all the evidence submitted to the

magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. . . .  The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections. . . ."  This court has held that "the failure to file a transcript or affidavit under Civ.R. 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal."  *Rosett v. Holmes*, 2023-Ohio-606, ¶ 22 (8th Dist.).

{¶ 16} In the case at hand, there is no transcript because the parties agreed to submit the contested issues of child and spousal support on "trial briefs," and no "proceeding" occurred that could have been transcribed.  When a transcript is "not available," pursuant to Civ.R. 53(D)(3)(b)(iii), the party filing objections to the magistrate's decision must file an affidavit of evidence submitted to the magistrate so that the trial court can conduct an independent review.  Because a transcript is unavailable in the case at hand, the remainder of this opinion refers to an affidavit of evidence, which is the alternative method of complying with Civ.R. 53(D)(3)(b)(iii).  It is undisputed that neither party filed an affidavit of evidence in conjunction with their objections to the magistrate's decision filed in the trial court.

{¶ 17} In Husband's first assignment of error, he argues that the "trial court erred to the prejudice of [Husband] by holding that the trial court must adopt the Magistrate's Findings of Fact."  Because Husband failed to file an affidavit of evidence, "the trial court must adopt the factual findings of the magistrate and limit

its review of objections to the conclusions of law by the magistrate." *Burke v. Mayfield Brainard Auto*, 2023-Ohio-446, ¶ 18 (8th Dist.).

{¶ 18} Husband argues that the "evidence" was submitted by the parties in their trial briefs, "[t]hus, the evidence was on the [r]ecord and before the trial court." But, as Husband acknowledged in his reply to Wife's brief in opposition to his trial brief, Wife's briefing "only sets forth unsupported and unsubstantiated claims and allegations." Upon review, we find the same conclusion applies to Husband's briefing.

{¶ 19} First, we note that the parties' arguments in their briefing filed in the domestic relations court are not evidence. *See State ex rel. Cincinnati Enquirer v. Forsthoefel*, 2022-Ohio-3580, ¶ 15 ("[T]he joint motion to seal that [was] filed, which fleshes out the [parties'] arguments in support of restricting public access, is not evidence.").

{¶ 20} Husband argues that a Civ.R. 53 affidavit of evidence "is an alternative when an evidentiary hearing was conducted and a transcript cannot be produced." Husband further argues that the requirement of an affidavit of evidence "does not apply to the instant matter," presumably because no evidentiary hearing was held. To support this statement, Husband cites Civ.R. 53(E)(3)(c). We note that Civ.R. 53 does not include a section (E); that is, there is no Civ.R. 53(E)(3)(c). Husband also cites *Crislip v. Crislip*, 2004-Ohio-3254 (9th Dist.), *State ex rel. Pallone v. Ohio Court of Claims*, 2015-Ohio-2003, and *Ney v. Ney*, 2003-Ohio-1349 (8th Dist.). None of these three cases stand for the proposition that a party objecting

to a magistrate's decision need not comply with Civ.R. 53(D)(3)(b)(iii)'s requirement of a transcript or affidavit of evidence when no hearing was held.

{¶ 21} Our review of the record shows that neither party filed an affidavit of evidence in compliance with Civ.R. 53 and Cuyahoga C.P., D.R.Div., Loc.R. 27 when objecting to the magistrate's decision. In summary, the trial court properly found that, under Civ.R. 53 and Cuyahoga C.P., D.R.Div., Loc.R. 27, it was required to accept the magistrate's factual findings as true. Accordingly, the trial court did not err or abuse its discretion by adopting the magistrate's findings of fact, and Husband's first assignment of error is overruled.

### C. Failure to File Transcript or Statement of Evidence on Appeal

{¶ 22} Similar to proceedings before a magistrate, when a transcript is necessary for the disposition of an appeal, the appellant bears the burden of filing the transcript. App.R. 9(B). "In the absence of a transcript, we must presume regularity in the trial court proceedings." *Rosett,* 2023-Ohio-606, at ¶ 23 (8th Dist.). *See also Lakewood v. Collins*, 2015-Ohio-4389, ¶ 9 (8th Dist.) ("Failure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors."). In the absence of a transcript, an "appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C). This statement must be approved by the trial court. *Id.*

{¶ 23} In the case at hand, Husband did not file an App.R. 9(C) statement of the evidence, and obviously, did not file a transcript in this court. Therefore, we must presume regularity of the proceedings in the trial court and affirm the

judgment. *See, e.g., Farmer v. Healthcare Bridge*, 2021-Ohio-3207, ¶ 7 (8th Dist.) (Holding that, absent a transcript or alternative record under App.R. 9, "we must presume regularity of the municipal court proceedings and affirm the judgment").

{¶ 24} Husband's second and third assignments of error concern the sufficiency of the evidence and the manifest weight of the evidence regarding spousal and child support in the magistrate's decision. A review of Husband's appellate brief shows that his arguments regarding these two assignments of error challenge the magistrate's factual findings. For example, Husband argues that the magistrate "specifically erred in refusing to consider the incomes of [Wife] from sources other than her University Hospitals income and the increases in her income beginning in 2022." Husband further argues that Wife "provided no competent, credible evidence to the trial court of the nature or circumstances of her spike in income." Husband is challenging the facts found by the magistrate and adopted by the trial court.

{¶ 25} Given the lack of compliance with Civ.R. 53, Cuyahoga C.P., D.R.Div., Loc.R. 27, and App.R. 9, we are unable to conduct a meaningful appellate review of the factual findings the magistrate made that Husband is challenging on appeal.

{¶ 26} While we offer no opinion on whether the trial court properly allowed the magistrate to make dispositive factual findings without a trial, hearing, or other properly submitted evidence, we affirm the trial court's judgment because our hands are tied, and we must presume regularity.

{¶ 27} Accordingly, Husband's second and third assignments of error are overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR