[Cite as *Nationstar Mtge., L.L.C. v. Croom*, 2025-Ohio-2145.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NATIONSTAR MORTGAGE LLC,
D.B.A. MR. COOPER,                        :

      Plaintiff-Appellee,              :

                               No. 114222

      v.                               :

JIMMY L. CROOM, ET AL.,                   :

      Defendants-Appellants.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-966742

---

### *Appearances:*

Albertelli Law Partners Ohio, LLC, Antonio J. Scarlato, F. Peter Costello, and Mark R. Lembright; Troutman Pepper Locke and Dennis Kyle Deak, pro hac vice, *for appellee.*

DannLaw, Marc E. Dann, Whitney Kaster, and Andrew M. Engal, *for appellants.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendants-appellants, Jimmy L. Croom ("Croom") and Judith Croom (collectively "appellants") appeal the dismissal of their class-action counterclaims. They claim the following error:

The trial court erred in granting appellee's motion to dismiss.

{¶ 2} Because appellants did not file their notice of appeal within the time limit prescribed by App.R. 4(A), we dismiss the appeal.

## I. Facts and Procedural History

{¶ 3} In December 2019, Croom executed a mortgage note secured by a mortgage on his home. He subsequently defaulted on the note, and plaintiff-appellee, Nationstar Mortgage L.L.C. ("Nationstar"), filed a foreclosure action against appellants. While the foreclosure action was pending, Croom, through counsel, contacted Nationstar and requested a loan modification pursuant to COVID-19 Recovery Options provided by the Federal Housing Administration. Nationstar denied the loan modification. As a result, Croom filed a counterclaim against Nationstar, seeking a declaratory judgment declaring that Nationstar was obligated to offer a recovery modification. The counterclaim also sought money damages (1) under Ohio's Residential Mortgage Loan Act as a result of Nationstar's alleged misrepresentation of the eligibility requirements for a recovery modification, and (2) under Regulation X of the federal Real Estate Settlement Procedures Act as a result of Nationstar's alleged failure to properly evaluate the modification.

{¶ 4} Nationstar filed a motion to dismiss the counterclaims, arguing that appellants' claims were based on certain regulations and guidelines issued set forth in the Housing and Urban Development ("HUD") handbook that were not binding on Nationstar and do not create a private cause of action. The trial court agreed and dismissed the counterclaim in its entirety on April 16, 2024.

**{¶ 5}** On June 26, 2024, Nationstar filed a notice of voluntary dismissal of its complaint against appellants pursuant to Civ.R. 41(A), leaving no claims pending. On July 8, 2024, the trial court journalized an entry stating, in relevant part: "Pursuant to Plaintiff's notice of dismissal filed herein, the cause is dismissed without prejudice at plaintiff's costs. Final." This appeal followed.

## II. Law and Analysis

**{¶ 6}** Before addressing the merits of appellants' assigned error, we must first determine whether appellants filed a timely notice of appeal because the timely filing of a notice of appeal is a jurisdictional requirement, and a party's failure to file a timely notice of appeal precludes an appellate court from reviewing the appeal.[1] *Moldovan v. Cuyahoga Cty. Welfare Dept.*, 25 Ohio St.3d 293, 294-295 (1986); *Wells Fargo Bank, N.A. v. Fields*, 2015-Ohio-4580, ¶ 20 (8th Dist.), citing *Brown v. Solon Pointe at Emerald Ridge*, 2013-Ohio-4903, ¶ 8 (8th Dist.) (failure to file a timely notice of appeal forestalls appellate court jurisdiction).

**{¶ 7}** Appellants filed a notice of appeal on August 5, 2024, challenging the trial court's dismissal of their counterclaim. "Jurisdiction in the court of appeals is based upon a timely filing of a notice of appeal." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 2015-Ohio-241, ¶ 7. To be timely under

---

[1] Appellants filed their notice of appeal more than 30 days after Nationstar voluntarily dismissed the complaint. We, therefore, asked the parties to brief the issue of whether appellants' notice of appeal was timely filed. Both parties submitted supplemental briefs addressing this issue.

App.R. 4(A), a notice of appeal must be filed "within 30 days of a final order." *Id.* at ¶ 6.

**{¶ 8}** Civ.R. 41(A)(1)(a) provides that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by . . . filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant. . . ." Nationstar filed the notice of voluntary dismissal before trial pursuant to Civ.R. 41(A)(1)(a). And, as previously stated, the trial court had previously dismissed the counterclaim. Therefore, the remainder of the action was dismissed when Nationstar filed the notice of voluntary dismissal on June 26, 2024.

**{¶ 9}** "This court has consistently held that a plaintiff's notice of voluntary dismissal made pursuant to Civ.R. 41(A) (1) is self-executing." *James v. Allstate Ins. Co.*, 2000 Ohio App. LEXIS 1065 *3 (8th Dist. Mar. 16, 2000), citing *Howard v. Fiyalko*, 1998 Ohio App. LEXIS 5056 (Oct. 29, 1998); *Rinicella v. Rubino*, 1998 Ohio App. LEXIS 3475 (July 30, 1998); *In re J.H.*, 2024-Ohio-5489, ¶ 5 (8th Dist.).

**{¶ 10}** Appellants concede that Nationstar's notice of voluntary dismissal was self-executing and that the dismissal became a final, appealable order when it was filed on June 26, 2024. (Appellants supplemental brief p. 2-3.) They nevertheless argue that the 30-day period provided in App.R. 4 for filing the notice of appeal did not begin until the court entered the journal entry acknowledging the dismissal on July 8, 2024. They cite App.R. 4(A)(3) in support of their argument.

{¶ 11} App.R. 4(A)(3) states that "[i]n a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." Appellants argue that "[a]lthough Nationstar's *Notice of Dismissal* was self-executing as to the termination of its claims, it did not act to provide Mr. Croom notice that the Order *Dismissing class Action Counterclaims* was a final appealable order." (Emphasis sic) (Appellants supplemental brief p. 3.) However, the plain language of App.R. 4(A)(3) pertains to judgments rendered by the court. It does not address voluntary dismissals under Civ.R. 41(A)(1).

{¶ 12} "[T]he Ohio Supreme Court has stated that '"[t]he plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims."'" *In re J.H.*, 20-24-Ohio-5489, at ¶ 5, quoting *State ex rel. Engelhart v. Russo*, 2012-Ohio-47, ¶ 16, quoting *State ex rel. Fifth Third Mtge. Co. v. Russo*, 2011-Ohio-3177, ¶ 17. And, because a voluntary dismissal does not require any court action, "a voluntary dismissal is effective on the date of filing, not upon the date the trial court journalizes an entry acknowledging it." *Allstate Ins. Co.*, 2000 Ohio App. LEXIS 1065, at *4, citing *Payton v. Rehberg*, 119 Ohio App.3d 183 (8th Dist. 1997); *Andrews v. Sajar Plastics, Inc.*, 98 Ohio App.3d 61 (11th Dist. 1994).

{¶ 13} Furthermore, in *Rinicella*, 1998 Ohio App. LEXIS 3475, we rejected appellants' argument that the 30-day period for filing an appeal should be counted

from the date the court acknowledged the dismissal in a journal entry rather than from the date the dismissal itself was filed. We explained that "because a notice of voluntary dismissal is self-executing, trial courts do not acknowledge every voluntary dismissal with a journal entry." *Id.* at *6. If we applied the 30-day period provided in App.R. 4(A) "as of the date the trial court acknowledges the dismissal in a journal entry," it "would lead to ambiguous and sometimes indefinite windows to appeal." *Id.* at *6. Thus, we held that "the thirty day period to file a notice of appeal from a voluntary dismissal runs from the date the notice of voluntary dismissal is filed." *Id.* at *6-7.

{¶ 14} Nationstar filed its voluntary dismissal on June 26, 2024, but appellants did not file their notice of appeal until August 5, 2024, more than 30 days after the self-executing voluntary dismissal. Therefore, their appeal is untimely, and we lack jurisdiction to review it.

{¶ 15} Appeal dismissed.

It is ordered that appellee recover of appellants costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR