[Cite as *Mikra, L.L.C. v. Taylor*, 2025-Ohio-5630.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MIKRA, LLC, :

    Plaintiff-Appellee, :

                         No. 114936

    v. :

FERNANDO TAYLOR, ET AL., :

    Defendants-Appellants. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 18, 2025

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2025CVG001275

---

### *Appearances:*

The Attorney for All Ages and James Alexander, Jr., *for appellant* Fernando Taylor.

LISA B. FORBES, P.J.:

{¶ 1} Defendants-appellants Fernando Taylor and Edward Nix (collectively "the defendants") appeal from a forcible-entry-and-detainer judgment entered against them by the Cleveland Municipal Court in favor of plaintiff-appellee Mikra, LLC ("plaintiff"). They also appeal from the trial court's decision overruling

objections to the magistrate's decision. For the reasons that follow, we affirm the trial court's judgments.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 17, 2025, plaintiff filed a two-count complaint against the defendants. In Count 1, plaintiff asserted a claim for forcible entry and detainer, alleging that the defendants were unlawfully in possession of commercial property owned by plaintiff, located at 12812 Taft Ave, Cleveland, Ohio (the "Premises"). Plaintiff alleged that the defendants originally took possession of the Premises under a verbal lease agreement and that they had failed to pay rent in full for the last 53 of 57 months, with the last payment being made in 2022. Plaintiff alleged that on November 11, 2024, it served the defendants with notice of termination of the tenancy and a request that they vacate the Premises but the defendants had failed to vacate. Plaintiff alleged that on December 26, 2024, it served the defendants with a "notice in writing to leave the [Premises] for nonpayment of rent and/or holding over after termination." Plaintiff attached copies of the two notices requesting that the defendants vacate the Premises, along with a document from the Cuyahoga County Treasurer indicating that Mikra, LLC was the owner of the property described as "Taft Cleveland OH 00000," and a Cuyahoga County property-summary report indicating that Mikra owned vacant industrial land on Taft Ave. Neither document provided a street address for the subject property.

{¶ 3} In Count 2 of the complaint, the plaintiff asserted a claim for money damages. In it, the plaintiff alleged that the defendants owed $44,900 in unpaid

rent and will owe $850 a month until they vacate the Property. The plaintiff also alleged that the defendants "have failed, refused, or neglected to pay any part of the delinquent rent."

{¶ 4} The plaintiff sought restitution of the Premises on Count 1 and the sum of $44,900 plus future rent at the rate of $850 per month until defendants vacate the Premises on Count 2.

{¶ 5} On February 7, 2025, a virtual hearing was held before a magistrate on the forcible-entry-and-detainer action contained in Count 1. The plaintiff appeared at the hearing but the defendants did not appear. On the same day as the hearing, the magistrate issued a decision in favor of the plaintiff on Count 1. In its decision, the magistrate found that the plaintiff was the owner of the Premises described in the complaint and had provided evidence of current ownership, that the plaintiff served the defendants with notice under R.C. 1923.04 of termination of the tenancy, that the defendants had not paid rent since January of 2022, and that the plaintiff has established by a preponderance of the evidence that it is entitled to judgment as a matter of law for nonpayment. The magistrate noted that a writ of restitution would issue and that the defendants would have to vacate the property on or after February 21, 2025.

{¶ 6} On the same day that the hearing was held and that the magistrate issued its decision, the defendant Fernando Taylor ("Taylor"), acting pro se, filed a motion for relief from judgment and a motion for a stay. In his motion for relief from judgment, Taylor argued that he arrived at the kiosk at the courthouse on

February 7, 2025, and was sent "upstairs" for further inquiry where he was told that the case had already been heard. In his motion for relief from judgment, Taylor asserted that the order should be set aside because he was not properly served under Civ.R. 4 and had not had a chance to file an answer to the complaint. He also asserted that the plaintiff failed to provide the court with additional, relevant evidence. Taylor made the same arguments in his motion to stay as he made in his motion for relief from judgment.

{¶ 7} On February 11, 2025, the trial court issued an order adopting the magistrate's decision in full, finding in favor of the plaintiff and ordering that a move out take place on or after February 21, 2025.

{¶ 8} On February 13, 2025, the trial court denied the motion for a stay and motion for relief from judgment. In its judgment, the court stated that

> [a] review of the docket indicates that service of process that issued to Defendants by regular and certified mail notifying Defendants of the within action, was not returned for failure of delivery or otherwise insufficient. Additionally, on January 29, 2025, the Court achieved service on Defendants by Residence Service. For these reasons, the Court finds that it properly achieved service of process on Defendants. Therefore, it was incumbent upon the Defendants to *timely* appear for their eviction hearing to assert their defenses to the eviction action. Defendants having failed to do so, Defendant's motions are not well taken and are denied.

(Emphasis in original.)

{¶ 9} On February 14, 2025, defendant Taylor, again acting pro se, filed objections to the magistrate's decision. He objected on the grounds of lack of evidence to support the plaintiff's claims, arguing that the plaintiff did not present

proof of ownership of 12812 Taft Ave. The objections noted that the certified copy of the tax bill attached to the complaint as well as the county property-summary report did not contain the numbered street address of the property and listed the property type as a vacant industrial lot.

{¶ 10} On March 18, 2025, the trial court overruled the objections. The court recognized Taylor's argument that the documentary evidence attached to the complaint did not show a street address of the property; nevertheless the court explained that because Taylor did not submit a transcript of the hearing for the court to review nor had he submitted an affidavit attesting to what occurred at the hearing, the court was obligated to accept the magistrate's factual findings and limit its review to only the magistrate's legal conclusions. The court explained that "in his [d]ecision, the Magistrate found that Plaintiff provided sufficient testimony or documentary evidence as to current ownership of the subject premises." Accepting this factual finding, the trial court overruled the objections to the decision and adopted the magistrate's decision entering judgment in favor of the plaintiff on Count 1.

{¶ 11} On March 21, 2025, the defendants Taylor and Nix, through counsel, filed a notice of appeal with this court. This court issued a stay of the eviction pending the outcome of the appeal. On July 3, 2025, this court sua sponte dismissed the appeal for failure to file a brief. On July 25, 2025, the defendants, through counsel, filed a "motion for leave to file an appellate brief instanter and/or a motion

to reinstate the appeal." On July 29, 2025, this court granted the motion, accepted the defendants' brief, and reinstated the appeal.

{¶ 12} The defendants raise the following two assignments of error:

I. The trial court erred in its February 11, 2025 judgment entry adopting the magistrate's decision granting judgment to appellee and ordering writ of restitution as appellee was not entitled to judgment as a matter of law.

II. It was error for the trial court to overrule appellant's objections.

## II. LAW AND ANALYSIS

### A. Notice of Dismissal

{¶ 13} As a preliminary matter, we note that the trial court docket reflects that, while this case was pending on appeal, the plaintiff filed a notice of dismissal of its complaint on August 4, 2025. The effect of this filing is straightforward — it is a nullity. *See Yankovitz v. Greater Cleveland Regional Transit Auth.*, 2023-Ohio-2584, ¶ 18 (8th Dist.) ("Where a voluntary dismissal clearly relates to an aspect of the case on appeal, the filing of the notice of appeal divests the trial court of jurisdiction and the voluntary notice is a nullity."); *see also Huntington Natl. Bank v. Syroka*, 2010-Ohio-1358, ¶ 5-6 (6th Dist.) (The filing of a voluntary notice of dismissal is a nullity if filed after a notice of appeal from a judgment on the merits has been entered, where the dismissal would touch upon aspects of the appeal.).

{¶ 14} The notice of dismissal here purports to dismiss the complaint in its entirety, including Count 1, the forcible-entry-and-detainer action that is the very subject of this appeal. Although a voluntary notice of dismissal under Civ.R. 41(A) is typically self-executing, *see Nationstar Mtge. LLC v. Croom*, 2025-Ohio-2145, ¶ 9

(8th Dist.), the trial court was divested of jurisdiction because the case was pending on appeal. Thus, the notice of dismissal is a nullity, *see Syroka* at ¶ 5-6. Accordingly, this court retains jurisdiction over the appeal.

## B. The Defendants' Assignments of Error

{¶ 15} In their first assignment of error the defendants argue that the trial court erred in adopting the magistrate's decision because the plaintiff failed to submit evidence establishing its ownership of the Premises — a necessary element of its forcible-entry-and-detainer action.[1] In their second assignment of error, the defendants argue that the trial court erred in overruling defendant Taylor's objections to the magistrate's decision, in which Taylor likewise argued that the plaintiff failed to demonstrate ownership. Because these assignments of error rest on the same legal analysis, we address them together.[2]

{¶ 16} "A trial court's decision to adopt a magistrate's decision is reviewed for an abuse of discretion." *Flemco, L.L.C. v. 12307 St. Clair, Ltd.*, 2018-Ohio-588,

---

[1] To prevail on its forcible-entry-and-detainer action, the plaintiff had the burden of proving that it had the right to possess the subject premises either as the owner of the premises or otherwise and that defendants did not have the right to possess the premises. *See, e.g., Garb-Ko, Inc. v. Benderson*, 2013-Ohio-1249, ¶ 54 (10th Dist.).

[2] Defendant Nix was separately named as a defendant in the complaint. Unlike defendant Taylor, however, Nix did not file objections to the magistrate's decision. As a result, Nix may not raise on appeal an assignment of error related to the trial court's overruling of objections filed exclusively by his codefendant. *See Bender v. Durrani*, 2024-Ohio-1258, ¶ 147 (1st Dist.) (A party who fails to raise an argument in the trial court waives the right to raise it on appeal.). Nor does Nix have standing to appeal the trial court's judgment overruling his codefendant's objections when he was not a party to those objections. *See S. Shore Lake Erie Assets & Operations, LLC v. Johnson*, 2025-Ohio-5043, ¶ 17 (8th Dist.). Although Nix may still appeal the trial court's adoption of the magistrate's decision despite failing to file his own objections, our review is limited to

¶ 15 (8th Dist.), citing *Kapadia v. Kapadia*, 2011-Ohio-2255, ¶ 7 (8th Dist.). "An abuse of discretion 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *W.A.F.P., Inc. v. Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} Civ.R. 53(D), which governs objections to magistrate's decisions, in relevant part, provides:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

Civ.R. 53(D)(3)(b)(iii). "If an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 2013-Ohio-2743, ¶ 13 (10th Dist.) Furthermore, "'the failure to file a transcript or affidavit under Civ.R. 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal . . . .'" *Nelson v. Testa*, 2024-Ohio-4486, ¶ 15 (8th Dist.), quoting *Rosett v. Holmes*, 2023-Ohio-606, ¶ 22 (8th Dist.)

---

plain error. *See* Civ.R. 53(D)(3)(b)(iv) (Failure to object to a magistrate's decision waives the right to assign the court's adoption of that decision as error on appeal, except for a claim of plain error.). In civil cases, plain error exists only in the "extremely rare case involving exceptional circumstances" where an unobjected-to error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997). For the reasons set forth in the body of this opinion, we find no error in the trial court's judgment adopting the magistrate's decision, let alone plain error.

**{¶ 18}** In this case, when objecting to the magistrate's decision on the grounds that the plaintiff had not provided proof of ownership over the subject property, Taylor did not file a transcript of the February 7, 2025 proceeding in which the magistrate considered the plaintiff's evidence in support of its forcible-entry-and-detainer action, nor did he file an affidavit attesting to what occurred at the hearing, including what evidence was presented. The trial court noted this fact in its decision overruling Taylor's objections. The trial court also noted that the magistrate had explicitly found that the plaintiff provided proof of ownership. Since no transcript or affidavit was filed, which would permit the trial court to review the magistrate's factual conclusion that evidence of ownership had been presented, the trial court was obligated to accept the magistrate's finding of fact as to the same. *See Triplett* at ¶ 13. Accordingly, we find that the trial court correctly overruled Taylor's objections to the magistrate's decision, and, similarly, did not abuse its discretion in adopting the magistrate's decision.

## III. CONCLUSION

**{¶ 19}** For the foregoing reasons, we overrule the assignments of error raised on appeal and affirm the trial court's judgment overruling the objections to the magistrate's decision in favor of the plaintiff on its forcible-entry-and-detainer action. We likewise affirm the trial court's adoption of the magistrate's decision.

**{¶ 20}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR