[Cite as *2222 Internatl., L.L.C. v. Law Search, L.L.C.*, 2026-Ohio-125.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| 2222 INTERNATIONAL LLC, ET AL., | : | |
| Plaintiffs-Appellees, | : | No. 115220 |
| v. | : | |
| LAW SEARCH LLC, ET AL., | : | |
| Defendants-Appellants. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 15, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-989937

### *Appearances:*

McMillan & Sobel, LLC, and Jonathan F. Sobel, *for appellee* Refab Design & Renovations, LLC.

Wachter Kurant, LLC, and Mark I. Wachter, *for appellee* 2222 International LLC.

The Lindner Law Firm LLC, and Daniel F. Lindner, *for appellants*.

LISA B. FORBES, P.J.:

{¶ 1} Defendant, cross-plaintiff, and now appellant Law Search LLC ("Law Search") appeals from a decision of the Cuyahoga County Common Pleas Court

overruling its objections to the magistrate's decision and adopting the magistrate's summary-judgment determination that the statute of limitations had passed on its foreclosure claim against property titled to plaintiff-appellee, 2222 International LLC ("International"). Following a careful review of the law and the facts, we affirm the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

### A. The Pleadings

{¶ 2} On December 12, 2023, International filed a complaint against Law Search and another defendant, Refab Designs and Innovations, LLC ("Refab"), seeking to quiet title to property located at 2222 St. Clair Ave, Cleveland, Ohio ("the Property"). International alleged in the complaint that it owned and was in current possession of the Property.

{¶ 3} International alleged that it had acquired ownership of the Property from an entity known as GXIX, LLC on June 22, 2022. According to the complaint, GXIX, LLC had acquired ownership of the property from "Gee How Oak Tin Association by instrument number 201107130030 recorded on July 13, 2011, in the Cuyahoga County Recorder's Office." On July 14, 2011, a mortgage was recorded in the Cuyahoga County Recorder's Office ("the mortgage"), listing GXIX as the mortgagor and Chuck Chin ("Chin") as mortgagee.

{¶ 4} As alleged in International's complaint, on February 23, 2023, Chin assigned the mortgage to Law Search and the assignment was recorded in the Cuyahoga County Recorder's Office. International stated in its complaint that "[it]

believes, and therefore avers, that [the] loan secured by the Mortgage has been paid and, therefore, the Mortgage should be released." International also stated that the defendant "Refab Design and Renovations, LLC may claim an interest in the Property and should be compelled to set forth that interest, if any, or be forever barred from asserting the same."

{¶ 5} International requested that it be declared the true and lawful owner of 2222 St. Clair Ave., Cleveland, Ohio and that its title be quieted against any claim or interest asserted by the defendants or any others claiming an interest in the property under them and that defendants be required to assert their interests as part of the quiet-title suit.

{¶ 6} On February 26, 2024, Law Search answered International's complaint and filed a counterclaim. Law Search generally denied having knowledge of the assertions made in the complaint. It also denied the allegation that the debt secured by its mortgage on the Property had been paid, stating that "no payments on the mortgage have ever been made."

{¶ 7} In Count 1 of its counterclaim against International, Law Search alleged that it "is the holder in due course of the promissory note [] and mortgage [] recorded as AFN 201107140101 in the Cuyahoga County Records against the real property commonly known as 2222 St. Clair Avenue, Cleveland, Ohio . . . ." Law Search further alleged that it had been assigned the note and mortgage by virtue of a written assignment that was recorded with the county recorder. Law Search also

alleged that the note had been lost and that, as a result, an affidavit of a lost-promissory note had been recorded with the county recorder's office.

{¶ 8} Law Search asserted in its counterclaim that, at no time prior to the assignment of the note and mortgage, had International or any of its predecessors in interest made any payment on the note and mortgage, nor had any payment been made since Law Search acquired its assignment of the note and mortgage. Law Search sought a money judgment on the note in the amount of the unpaid balance of $250,000 plus interest at the statutory rate from July 12, 2011, when repayment in full on the note allegedly came due, court costs and attorney fees.

{¶ 9} In Count 2 of its counterclaim, Law Search sought foreclosure on the property due to the allegedly defaulted mortgage loan. Specifically, Law Search stated it was

> entitled to foreclose upon the Mortgage perfected against the Real Property, to have the Real Property sold as if on execution, and to recover payment in the amount of two hundred fifty thousand dollars ($250,000.00) plus interest at the statutory rate from July 12, 2011, plus costs and legal fees from the proceeds of the sale of the Real Property.

{¶ 10} International answered Law Search's counterclaims by denying the allegations and raising the defenses of waiver, estoppel, and laches. International filed an amended answer in which it raised the statute of limitations as a bar to the counterclaims.

## B. Cross-Motions for Summary Judgment

{¶ 11} On February 17, 2025, the parties filed cross-motions for summary judgment. Law Search asked the court to grant summary judgment on its counterclaim for foreclosure, arguing that there was no genuine dispute that it had been assigned the note and mortgage encumbering the Property and that the note was in default, thereby entitling Law Search to foreclose.

{¶ 12} In its motion for summary judgment, International asked the court to enter judgment in its favor on Law Search's counterclaims. International argued that it had no involvement with the promissory note executed by a prior owner of the Property before International took title and, therefore, bore no liability on the note. In the alternative, International argued that even if it could somehow be deemed liable for the debt, the statute of limitations for enforcement of the note had expired.

{¶ 13} In its opposition to International's motion for summary judgment, Law Search acknowledged that International was not a party to the note executed by the Property's previous owner, GXIX, LLC, and explained it was not seeking judgment on the note itself, but rather the equitable remedy of foreclosure based on the underlying mortgage. Law Search argued that International took title to the Property by way of a quitclaim deed executed by GXIX, LLC, which was recorded in 2022. According to Law Search, its assigned mortgage on the Property had been recorded in 2011, thereby encumbering the property years before International acquired title making International's property interest subject to the mortgage lien.

Law Search contended that although International may not be liable on the defaulted note, the Property it owned remained subject to foreclosure pursuant to the recorded and outstanding mortgage.

{¶ 14} Law Search further argued that its foreclosure action was timely because it fell within the applicable statute of limitations. Specifically, Law Search asserted that R.C. 2305.06 governs the statute of limitations for foreclosure actions on mortgages. At the time the mortgage was executed and recorded in 2011, R.C. 2305.06 provided that "[e]xcept as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause of action accrued." Law Search maintained that because the mortgage was created and recorded less than 15 years prior to the filing of the foreclosure action, the statute of limitations had not expired.

{¶ 15} Law Search also asserted in its opposition that "a facial review of the purported quitclaim deed [to International] demonstrates that it is a forgery — a fraud — and no forgery may ever be ratified to give it legitimacy under Ohio law." Law Search further stated "[i]f this court deems it a forgery, Plaintiff has no standing to bring the present lawsuit or challenge anything in this litigation, and the foreclosure would proceed upon [Law Search's] counterclaim."

{¶ 16} On April 10, 2025, the magistrate issued its decision on the cross-motions for summary judgment. The magistrate granted International's motion for summary judgment as to Law Search's foreclosure claim, and denied Law Search's

motion as to the same, finding that the statute of limitations had expired on the foreclosure action.

{¶ 17} The magistrate explained that, although R.C. 2305.06 provided a 15-year statute of limitations for foreclosure actions when the mortgage was executed in 2011, the statute was amended effective June 26, 2012, to reduce the limitations period to eight years. Relying on the legislative notes accompanying the amendment and relevant case law, the magistrate explained that the amendment applies as follows: "For claims accruing prior to June 26, 2012, the limitations period is either 15 years from accrual or eight years from June 26, 2012, whichever comes first."

{¶ 18} The magistrate further explained that a cause of action on a mortgage accrues on the date of maturity. In this case, the mortgage matured on January 12, 2012, the date payment on the note was due. Because this date preceded the amendment to R.C. 2305.06, the applicable statute of limitations was either 15 years from January 12, 2012, or eight years from June 26, 2012, whichever occurred first. The magistrate found that the eight-year period came first and would have expired on June 26, 2020, rendering Law Search's foreclosure action untimely.

{¶ 19} Law Search filed objections to the magistrate's decision arguing that the foreclosure action was not time-barred because a 15-year statute of limitations applied and that applying the amended version of R.C. 2305.06 would constitute an unconstitutional retroactive application of the law.

{¶ 20} The trial court overruled Law Search's objections and adopted the magistrate's decision in full.

{¶ 21} Law Search raises the following two assignments of error on appeal:

I. The trial court erred by holding that appellant's right to foreclosure upon the mortgage is time-barred. The trial court erred by applying the amended limitations statute retroactively.

II. The trial court did not have jurisdiction to make any rulings, as the appellees failed to add the defrauded property owner as a necessary party to this lawsuit. The appealed decisions are void ab initio due to the trial court's lack of jurisdiction.

## II. LAW AND ARGUMENT

### A. Standard of Review

{¶ 22} Appellate courts typically review a trial court's adoption, rejection, or modification of a magistrate's decision for an abuse of discretion. *See N. Royalton Ct. Condo. Owners' Assn. v. Stadul*, 2024-Ohio-1280, ¶ 24 (8th Dist.). However, when an appeal challenges the trial court's adoption of a magistrate's summary-judgment decision, appellate courts apply a de novo standard of review. *See Branson v. Fifth Third Bank, N.A.*, 2025-Ohio-4396, ¶ 28 (1st Dist.). "De novo review means that this court independently 'examine[s] the evidence to determine if as a matter of law no genuine issues exist for trial.'" *Thomas v. PSC Metals, Inc.*, 2018-Ohio-1630, ¶ 12 (8th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist. 1997).

{¶ 23} Summary judgment is governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a

conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.

**B. Second Assignment of Error — Alleged Lack of Jurisdiction**

{¶ 24} We begin our analysis with Law Search's second assignment of error because it purports to raise a jurisdictional challenge to the trial court's authority to enter a judgment in this case. Specifically, Law Search alleges that the deed conveying International title to the Property is a forgery. Law Search, therefore, asserts that "[t]he Estate of the decedent/alleged grantor/alleged contracting party is a necessary party to [the] action." Law Search also asserts that Hillcrest Egg & Cheeses Co. has a recorded mortgage against the Property and, therefore, was a necessary party to the quiet-title action but was never named as a party defendant in the quiet-title action.

{¶ 25} Law Search cites to R.C. 2721.12, the declaratory-judgment statute, in support of its assignment of error. In relevant part, this statue states: "When declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Law Search points out that Ohio Supreme Court has determined that "that the failure to join a necessary party in an action for declaratory judgment constitutes a jurisdictional defect that cannot be waived." *See Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.*, 86 Ohio St.3d 318, 323 (1999). Law Search argues that the estate of the alleged grantor conveying property to Law Search and Hillcrest Egg & Cheeses Co. were

necessary parties to the quiet-title action because they also have an interest in the outcome of the judgment and since they were not named parties the trial court had no jurisdiction to enter a judgment in this matter.

{¶ 26} We find no merit to Law Search's argument because Law Search focuses on the wrong statute. An action to quiet title is a statutory cause of action under R.C. 5303.01, not 2721.12. R.C. 5303.01 provides that "[a]n action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest." "The burden of proof in a quiet-title action [under R.C. 5303.01] . . . rests with the complainant as to all issues which arise upon essential allegations of his complaint." *Duramax, Inc. v. Geauga Cty Bd. Of Commrs.*, 106 Ohio App.3d 795, 799 (11th Dist. 1995).

{¶ 27} Unlike R.C. 2721.12(A), the declaratory-judgment statute, "R.C. 5303.01 does not have the jurisdictional requirement that 'all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding.'" *Williams v. Stillion*, 2017-Ohio-714, ¶ 22 (7th Dist.), citing R.C. 2721.12(A). Rather, by its terms, R.C. 5303.01, quiets title as to a specific party or parties asserting an adverse interest. In this case, International sought to quiet title against two defendants — Law Search and Refab and those two parties were named in its action. Accordingly, International's alleged failure to join an alleged mortgagee, or the estate of the prior conveyor, is not a jurisdictional flaw

prohibiting the court from proceeding to judgment in the case. The parties against which redress was sought were, in fact, named in the action.

{¶ 28} Although Law Search did raise the affirmative defense of failure to join necessary parties in its answer to International's quiet-title claim, it did not advance the defense in its summary-judgment briefing, nor did it object to the magistrate's decision on that basis. Pursuant to Civ.R. 53(D)(3)(b)(iv), a party waives all but plain-error review of an assigned error that was not first raised as an objection to the magistrate's decision. "Plain error exists only in the 'extremely rare case involving exceptional circumstances' where an unobjected-to error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process.'" *Mikra LLC v. Taylor*, 2025-Ohio-5630, ¶ 15, fn. 2 (8th Dist.), quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997). In this case, Law Search has not made any argument that failure to join the prior owner's estate and Hillcrest Egg & Cheeses Co. constituted plain error, and we will not make it for them.

{¶ 29} Accordingly, we overrule Law Search's second assignment of error and find that the trial court did have jurisdiction to enter its decision in this case.

### C. First Assignment of Error — Statute of Limitations

{¶ 30} In its first assignment of error, Law Search contends that the trial court erred in concluding that the foreclosure action was time-barred under the statute of limitations set forth in amended R.C. 2305.06. Specifically, Law Search argues that the court impermissibly applied the amended, shortened statute of limitations retroactively, in violation of its constitutional rights. We disagree.

{¶ 31} The Ohio Const., art. II, § 28 provides, in relevant part, that "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts . . . ." A statute is unconstitutionally retroactive under Ohio Const. art. II, § 28 when the legislature has expressly made the law retroactive and its application reaches back in time to impair a vested, substantial right or to impose new burdens, duties, obligations, or liabilities with respect to a past transaction. *See State v. Hubbard*, 2021-Ohio-3710, ¶ 2. Moreover, pursuant to R.C. 1.48, "A statute is presumed to be prospective in its operation unless expressly made retrospective."

{¶ 32} Law Search agrees with the trial court's determination that the maturity date of the subject mortgage loan was January 12, 2012, and that the statute of limitations for a foreclosure action begins to accrue on the loan's maturity date. At the time of the mortgage's maturity in 2012, R.C. 2305.06 provided: "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." Had this version of the statute applied, Law Search would have had until January 12, 2027, to commence its foreclosure action.

{¶ 33} Law Search argues that the trial court erred by applying the eight-year statute of limitations enacted by 2011 Ohio S.B. No. 224, which became effective on September 28, 2012 (the "Act"). As amended, R.C. 2305.06 states: "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within

eight years after the cause thereof of action accrued."[1] Section 4 of the Act explained: "For causes of action that are governed by section 2305.06 of the Revised Code and accrued prior to the effective date of this act, the period of limitations shall be eight years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first."

{¶ 34} Law Search contends that the trial court improperly gave this amendment retroactive effect by applying the eight-year statute of limitations from the effective date of the Act. We disagree. Nothing in the statutory language makes the eight-year statute of limitations retroactive to the mortgage's maturity date. Rather, as explained in Section 4 of the Act, the statute operates prospectively. It applies an eight-year limitations period beginning on the effective date of the amendment, or the remainder of the limitations period under the prior statute, whichever is shorter.

{¶ 35} Additionally, Law Search did not possess a vested, substantial right in the 15-year statute of limitations that existed at the time the foreclosure action accrued because of default on the mortgage loan. The Ohio Supreme Court has addressed and rejected arguments similar to those raised by Law Search, recognizing that while the right to bring a cause of action is vested as of the date of accrual, the right to pursue that action within a particular limitations period is not. In *Cook v. Matvejs*, 56 Ohio St.2d 234, 237 (1978), the Court explained the

---

[1] Neither R.C. 126.301 nor R.C. 1302.98 has any application to this matter. R.C. 126.301 addresses actions against the state for failure to make payment and R.C. 1302.98 establishes a statute of limitations for contracts for sale.

distinction between "an amended statute of limitations which totally obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized." The Court held that "[t]he latter application of an amended statute is not unlawful as long as a prospective claimant or litigant [] is still afforded a reasonable time in which to enforce" the right. (Cleaned up.) *Id.* The Court has since reaffirmed this principle. *See Antoon v. Cleveland Clinic Found.*, 2016-Ohio-7432, ¶ 28, citing *Gregory v. Flowers*, 32 Ohio St.2d 48, 54 (1972) ("On the theory that a right to sue once existing becomes a vested right, and cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a reasonable time within which to enforce the right"). In light of this precedent, we find that the dispositive question here is whether the amended eight-year statute of limitations — applied from the amendment's effective date to a previously accrued foreclosure claim — is reasonable amount of time in which to bring a claim in foreclosure. We conclude that it is. Allowing a party either eight years from the effective date of the amendment or the remaining time under the prior statute of limitations, whichever occurs first, provides a reasonable period within which to initiate a foreclosure action.

{¶ 36} Finally, we note that this court and courts throughout Ohio have applied R.C. 2305.06 in a manner consistent with what was done in this case. "For claims that accrued prior to September 28, 2012, the effective date of [the Act], the

statute of limitations is the lesser of 15 years from the date of accrual or 8 years from September 28, 2012." *Brook Park v. Cleveland*, 2023-Ohio-3365, ¶ 42 (8th Dist.), citing *Agrawal v. Univ. of Cincinnati*, 2017-Ohio-8644, ¶ 12 (10th Dist.). *See also Rudolph v. Viking Internatl. Resources Co., Inc.*, 2017-Ohio-7369, ¶ 59 (4th Dist.). We note that the magistrate correctly stated that the note came due on January 12, 2012, a date that preceded the amendment to R.C. 2305.06. In assessing the applicable statute of limitations, the magistrate incorrectly stated that it was either 15 years from January 12, 2012, or eight years from June 26, 2012, whichever occurred first. In fact, the correct analysis would have been to determine whether the foreclosure action was brought within 15 years of January 12, 2012, or 8 years of September 28, 2012 — the effective date of the Act — whichever was shorter. Despite the trial court's reliance on incorrect dates for the statute of limitations, we agree with the court's ultimate conclusion that the statute of limitation had expired prior to the filing of Law Search's foreclosure action. Law Search filed its counterclaim for foreclosure on February 26, 2024. Applying the correct dates, the statute of limitations had expired on September 28, 2020 (eight years after the effective date of the Act).

{¶ 37} Accordingly, we overrule Law Search's first assignment of error and affirm the trial court's judgment adopting the magistrate's decision granting summary judgment in favor of International on Law Search's counterclaim for foreclosure.

## III. CONCLUSION

{¶ 38} For the foregoing reasons we affirm the decision of the trial court adopting the magistrate's decision entering summary judgment in favor of appellee on appellant's foreclosure action.

{¶ 39} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR